Parker. C. J.
delivered the opinion of the Court. We think that the case reported furnishes competent evidence of a delivery, and sufficient to support the verdict on that point. The transfer being bona fide and for a valuable consideration, slight evidence of a delivery would be sufficient; as is proved by the principle adopted of a symbolical delivery ; and whether there is a formal delivery or not, if the vendee obtains possession by consent of the vendor, before any attachment or «econd sale, the transfer is complete.
In this case, the vendees took a lease of the house in which the furniture was. Nothing was wanting on the former trial, but evidence of an entry under the lease, to prove a delivery or possession. On this trial that defect has been supplied so that the salé was perfect.
But the vendor was allowed to re-possess himself of the furniture and remove it into another house in another town and county, and to use and claim it as his own, without any contract with the vendees. This circumstance necessarily created suspicion and difficulty. Persons dealing with the vendor, who >n his own name occupied a public house with this furniture m it, would naturally consider him the owner, and would probably trust him on that account. If the statute of James were in force here, there is no doubt but that the furniture w'ould be deemed the vendor’s ; for he bad the entire order and disposition of it. But that statute is a branch of the bankrupt system, and is not applied, even in England, except in cases affected by that system. There was a similar provision in the bankrupt law of the United States.
With us, the possession and use of chattels by the yen dot, after a perfect transfer, is only evidence of fraud, and may be explained to be consistent with the fairness of the sale.[1]
But the difficulty of this case now, as before, arises from the intermingling of the chattels sold to the plaintiff and those after-wards purchased and put into the house by the vendor. If the owner of a part can distinguish and point out io the officer what belongs to him, the officer would be a trespasser if he should take it. But he is obliged to attach the goods of the debtor, *462 notwithstanding they may be so mixed ; and it is the business of the owner, who has allowed them to be so confused, to separate his own from the debtor’s.
In this case, it was Jacob Shumway the debtor, who caused the mixture ; but he was placed in a situation to do this by the vendees. They do not lose their property thereby, if they can prove it. They may, after an attachment, identify their goods, give notice to the officer and demand a re-delivery of them; but until they do that, the officer is not in fault, and cannot he considered a trespasser.
But the question arises, whether the plaintiffs shall lose their property altogether, because they were unable to distinguish it from other articles of the same description owned by the vend- or. If there were a fraudulent collusion between the vendor and vendees to embarrass the sheriff and prevent him from attaching the property of -the debtor, this consequence might follow ; but on the .supposition of an honest inability to distinguish, it would be harsh. There is nothing in the case to justify us in taking the ground, that their conduct was collusive.
The officer was not a trespasser in taking the goods, as he was bound to take the goods of the debtor. But could he sell them without being liable for their value ? In the action of trover, proof of property and of conversion is sufficient. The proof is clear that property of the plaintiffs was taken. This taking, under the circumstances, may not have been a conversion. But the officer was made to know, that divers of the articles were claimed by the plaintiffs, and the bill of sale was shown to him before he sold. He chose to sell the whole, having it in his power to require indemnity, and probably taking it. Finding that there were many articles of the same kind, he would have been justified, under the circumstances, in selecting from the whole quantity in his hands, enough to correspond with the bill of sale ; and if he retained the most valuable, no fault could have been found with him.
He should have set aside as many articles as appeared by the bill of sale to belong to the plaintiff and sold the residue ; for he had notice of the claim, and the evidence of property' was shown to him. In the case of Bond v. Ward, which has *463 been cited, it was held that no action lies against the attaching officer, under such circumstances, without a demand and refusal ; that is, he cannot be a trespasser or liable in trover without such demand. This applies to the taking. If he aclis, knowing the property to be the plaintiffs’, the sale is a conversion.[1]

Judgment according to verdict

 See Long on Sales, (Rand’s edit.) 115, 116, and cases cited in note: Wheeler v. Train, 3 Pick. (2d edit.) 257, and note 1.

 See Lewis v. Whittemore, 5 N. Hamp. R. 366; Holbrook v. Hyde, 1 Vermont R. 286; Treat v. Barber, 7 Connect. R. 275; Ryder v Hathaway, 21 Pick. 298; Sawyer v Merrill, 6 Pick. 478.