## UNION TRACTION COMPANY OF INDIANA *v.* BUCKLAND.

[No. 4,958. Filed October 26, 1904. Rehearing denied January 10, 1905.]

1. TRIAL.—*Motion to Make More Specific.*—Where the complaint stated that defendant "negligently and carelessly failed and neglected to sand or in any way roughen said track upon said grade, or to take any means or precaution of any kind to prevent the cars from slipping upon said grade, or to render the said grade reasonably safe for the operation of cars on the same," a motion to make more specific by showing what means should have been used to make such track safe, was properly overruled. p. 422.

2. PLEADING.—*Complaint.*—*Master and Servant.*—*Dangerous Works and Ways.*—Where a complaint by the servant against his master shows that the grade on which plaintiff was operating defendant's car was steep; that it was necessary to roughen the track to make it safe; that defendant had always theretofore sanded such track; that defendant failed at the time of the injury to do so; that the morning was dark and plaintiff could not see, and relied upon the sanding of the track as theretofore; and that by reason of such failure the car became unmanageable, causing a collision and injury to plaintiff, such complaint is sufficient. p. 423.

3. MASTER AND SERVANT.—*Assumption of Risk.*—*Unknown Dangers.*—The servant assumes all the usual and ordinary risks of his employment so far as such risks are known or by the exercise of ordinary care can be ascertained, but where the master had been sanding a certain portion of a car track continually, and the plaintiff came up to such point after dark in the operation of his car, he had a right to rely upon the continuance of such sanding, and such servant did not assume the risk of such negligent failure to sand such track. p. 423.

4. NEW TRIAL.—*Conflicting Evidence.*—Where the Appellate Court is compelled to weigh the evidence on appeal, the verdict below will not be disturbed. p. 424.

From Superior Court of Madison County; *Henry C. Ryan,* Judge.

Action by James F. Buckland against the Union Traction Company of Indiana for damages for personal injuries. From a judgment on a verdict for plaintiff for $500, defendant appeals. *Affirmed.*

*J. A. Van Osdol* and *W. A. Kittinger,* for appellant.

*Charles K. Bagot, Thomas Bagot, Alfred Ellison* and *W. S. Ellis,* for appellee.

Robinson, J.—Appeal from a judgment in appellee's favor for damages for personal injury. The complaint avers that on appellant's road there is a grade so steep, and of such character, that in order to operate cars with reasonable safety, and prevent the cars from sliding down the grade beyond the control of the person in charge, it was necessary to, and appellant did, up to November 10, 1899, roughen the rails by sanding the same; that appellant on that day, knowing the track was not sanded and was in a dangerous condition, "negligently and carelessly failed and neglected to sand or in any way roughen said track upon said grade, or to take any means or precaution of any kind to prevent the cars from slipping upon said grade, or to render the said grade reasonably safe for the operation of cars on the same;" that on the date above mentioned appellee was in the employ of appellant as a motorman, and while in charge of a motor-car with trailers attached, all heavily loaded with passengers, started down the grade, without knowing the track had not been sanded nor made safe, and being unable to see the condition by reason of darkness, and believing it had been made safe and had been sanded, as it had been at all times previously; that because of appellant's failure to sand and roughen the track and make the same reasonably safe the cars became unmanageable, and the same did, by reason of the dangerous condition of the track, slip down-

ward on the grade, colliding with another car, injuring appellee.

1.    Appellant's motion to make the complaint more specific by averring specifically what precaution should have been taken by appellant to have prevented the injury was overruled.    It is said in argument that appellant was apprised of the fact, if it was a fact, as to how the car became unmanageable, or why appellee could not control it, but that as the cause of complaint is an alleged omission of duty, the pleading should state definitely of what the omission consisted.    In support of their argument counsel cite *Tipton Light, etc., Co.* v. *Newcomer* (1901), 156 Ind. 348. In that case the charge was that appellant company had negligently permitted its high-pressure line to become "defective, insufficient and out of repair," and it was held error to overrule a motion to make more specific.    The company certainly had the right to know how and in what way the line was defective, insufficient and out of repair, and the court so held.    But in the case at bar the complaint avers that up to the day in question the company did roughen the rails at that place by sanding them, and that at the time of the injury, it is averred, the company negligently failed to sand or in any way roughen the rails, or to take any measure or precaution of any kind to prevent cars from slipping.    It can not be said that the complaint should state what other means could have been used to make the track safe after it was averred that it had been the custom of the company, to make the track safe, to roughen the rails by sanding them.    Appellant had recognized the necessity of making the track safe, and had employed certain means, and the complaint avers that it negligently failed to use such means, or any other, to make the track safe.    The track was defective, and the pleading shows sufficiently how it was defective.    Appellant was called upon to answer for injuries caused by a defective track, knowledge of which it

had, and of which the injured party was ignorant. See *Heltonville Mfg. Co.* v. *Fields* (1894), 138 Ind. 58; *Indiana Stone Co.* v. *Stewart* (1893), 7 Ind. App. 563.

2.   It is also argued that the demurrer for want of facts should have been sustained.   The pleading shows the steep grade; that it was necessary to roughen or sand the track to make it safe; the previous custom of sanding the track to make it safe for the operation of cars; appellant's failure to sand the track, or to take any precaution to make it safe on the morning of the injury; appellee's reliance on this custom, and his ignorance of the condition of the track, and the reason he could not see the track; that if the track had been in proper condition for use he could have controlled the car; and that by reason of the negligent failure to roughen or sand the track the car became unmanageable, and appellee was unable to manage or control the same.   If it was necessary, because of the steep grade, to roughen or sand the track to make it safe for the operation of cars, appellant's omission to do so was negligence, and if, because of this negligent omission, the cars became unmanageable and collided with another car, causing the injury, such negligent omission was the proximate cause of the injury, because it was the efficient cause.

3.   Appellee assumed the usual and ordinary risks incident to his employment as motorman, so far as such risks were known to him, or could have been known to him by the exercise of ordinary and reasonable care.   He had no knowledge of the fact that the custom of sanding the track to make it safe had been changed, and he gives a sufficient reason for not discovering at the time that the track was not safe.   The company had previously recognized its duty to make the track safe for the operation of cars by roughening or sanding the same, which appellee knew, and there is nothing in the pleading to show that appellee had no right to rely upon the performance of this continuing duty.   See

*Brazil Block Coal Co.* v. *Hoodlet* (1891), 129 Ind. 327, and cases cited; *Louisville, etc., R. Co.* v. *Hanning* (1892), 131 Ind. 528, 31 Am. St. 443.

4.  The only remaining error assigned is overruling appellant's motion for a new trial, and the only questions raised under this assignment are that the verdict of the jury is not sustained by sufficient evidence, and is contrary to law.  Counsel on both sides have set out in their briefs copious extracts from the evidence, which is quite voluminous, and is conflicting.  No good purpose would be subserved by setting out the evidence upon these disputed questions.  An examination of the record discloses that there is evidence to sustain the jury's conclusion upon the material questions in the case.  We can not disturb this conclusion without weighing the evidence.  We find no reversible error in the record.

Judgment affirmed.