## ROBINSON *v.* YOUNGBLOOD.

### [No. 8,169.   Filed November 21, 1913.]

1. TAXATION.— *Lien.— Property    Affected.— Satisfaction.—* Under §10344 Burns 1908, Acts 1903 p. 49, all property of the person against whom taxes are assessed is covered by a lien for such taxes which is in no wise affected by the sale or transfer of such property, and the purchaser takes the property subject thereto; but such lien does not attach to any other property of the purchaser, so that, although such transferred property may be seized in the hands of the purchaser and sold for taxes, the officer may not seize other property of the purchaser, and is liable if he does so. p. 672.

2. TAXATION.—*Unauthorized Levy and Sale.—Conversion.—Recovery by Owner.*—An unauthorized levy and sale of property by a collector of taxes amounts to a conversion and the owner may recover its value. p. 672.

3. TAXATION.—*Sale to Satisfy Lien.—Seizure of Property Not Subject to Lien.*—Where the purchaser of goods burdened with a lien for taxes assessed against the seller, mingles other goods not affected by such lien with the goods so purchased, so that the tax collector is unable in the exercise of reasonable care to distinguish them from the goods subject to the lien, such collector may levy on sufficient goods to satisfy the lien and is not a trespasser if in so doing he seizes some goods not subject to the lien. p. 672.

4. TAXATION.—*Seizure for Taxes.*—*Mingled Property.*—*Duty of Owner to Point Out Property Affected by Lien.*—Where the owner of goods affected by a lien for taxes has mingled other goods therewith that are not so burdened, so that the tax collector is unable to distinguish the one class of goods from the other, it is the duty of the owner, if he wishes to prevent the sale of goods not affected by such lien, to point them out and demand that they be not sold, otherwise the officer may lawfully sell same in satisfaction of such lien. p. 673.

5. TRIAL.—*Instructions.*—*Failure to Request.*—*Waiver.*—A failure of the court to fully instruct the jury as to the rules of law bearing on a phase of the case, the right to further instructions on that subject is waived by a failure to request them. p. 673.

6. APPEAL.—*Review.*—*Refusal of Instructions.*—In an action for conversion against a county treasurer for the seizure and sale for taxes of property not subject to such sale, a requested instruction stating that if plaintiff mingled goods not covered by the tax lien with goods subject to such lien so that they could not be readily distinguished, the lien thereupon attached to all the goods, was properly refused. p. 673.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Action by James Youngblood against Richard M. Robinson. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Harvey R. Lewis, Charles D. Hunt* and *Gilbert W. Gambill,* for appellant.

*Alvin Padgett, A. J. Padgett, J. P. L. Weems, Fred F. Bays* and *Lee F. Bays,* for appellee.

LAIRY, C. J.—Appellee brought this action in the Knox Circuit Court to recover damages for the unlawful conversion by appellant of certain personal property belonging to appellee. Judgment was rendered in appellee's favor for $75.

There is not much controversy as to the principal facts of this case. Some time in the month of July, 1908, appellee purchased a stock of groceries and the fixtures of a grocery store which had formerly belonged to Jackman Brothers. At the time this property came into the possession of appel-

lee it was encumbered by a lien for city and county taxes for the year 1907, assessed against Jackman Brothers. Appellant was, at that time, treasurer of Knox County, and, in September, 1908, after making a demand upon appellee for the payment of such taxes and meeting with a refusal, he levied on a portion of the stock of groceries in the hands of appellee and sold them in satisfaction of the taxes for 1907, assessed against Jackman Brothers.

It is conceded by both parties that the goods which constituted the stock at the time it was sold by Jackman Brothers, were subject, in the hands of appellee, to levy and sale to satisfy the taxes of Jackman Brothers, which became a lien before the transfer, but appellee claims that most of the goods taken and sold by appellant were new goods purchased by him and placed in the stock after he became the owner, and that such goods were not liable to be seized and sold to satisfy taxes due from Jackman Brothers. Appellant asserts that the lien for taxes assessed against the former owners attached, not only to the fixtures and the goods which were in stock at the time of the transfer of ownership, but also to all goods subsequently purchased by appellee for the purpose of replenishing the stock, and, that all goods in stock at the time of the levy were subject to the lien of such tax and were liable to be sold to satisfy it, and that it makes no difference whether the goods taken and sold were in the stock when it was owned by Jackman Brothers.

The statute providing that taxes shall be a lien on personal property reads as follows: "All the property, both real and personal, situated in any county, shall be liable for the payment of all taxes, penalties, interest and costs charged to the owner thereof in such county, and no partial payment of any such taxes, penalties, interest or costs shall discharge or release any part or portion of such property until the whole is paid; which lien shall in nowise be affected or destroyed by any sale or transfer of any such personal

property, and shall attach on the first day of March, annually, for the taxes of such year." §10344 Burns 1908, Acts 1903 p. 49. Under this statute, it is clear that

1. all property of the person against whom taxes are assessed is covered by the lien of such taxes regardless of whether the title is acquired before or after the lien attaches. Such lien is in nowise affected by the sale or transfer of such property and the purchaser takes it subject to the lien; but the lien attaches only to the property transferred and does not attach to any other property of the purchaser whether acquired before or after such transfer. The lien for the tax which appellant was seeking to enforce attached to the property of Jackman Brothers, and he had a right, after it became delinquent, to enforce it against any property which they had transferred subject to the lien. If appellant could find any property in the hands of appellee which had been transferred by Jackman Brothers subject to the lien, he had a right to seize and sell it in accordance with law; but, under ordinary circumstances, he would have no right to sell any other property belonging to appellee for such purpose and, if he did so, he would be liable for such property so sold. An unauthorized

2. levy and sale of property by a collector of taxes amounts to a conversion and the owner may recover its value. *Veit* v. *Graff* (1871), 37 Ind. 253.

There is some evidence in this case that after appellee acquired the Jackman Brothers' stock of goods, he intermingled goods which he subsequently purchased with

3. the goods which belonged to such stock while owned by Jackman Brothers. The goods subsequently purchased were not subject to the lien for the delinquent taxes assessed against Jackman Brothers, but, if they were intermingled with goods which were subject to such lien, and if the goods so intermingled were of such a character that appellant could not by the exercise of reasonable care distinguish them from the goods which were subject to the lien,

then he would have a right to make a levy on sufficient goods to satisfy the lien and, if in so doing he seized some property which was not subject to the lien, he would not be a trespasser. Under such circumstances the duty would 4. devolve upon appellee to point out the goods which were not subject to the lien and to demand that they be not subjected to sale. This could be done before the levy, or after the levy and before the sale, but until it was done the appellant might lawfully proceed with the levy and sale. *Shumway* v. *Rutter* (1829), 25 Mass. (8 Pick.) 443, 19 Am. Dec. 340; *Taylor* v. *Jones* (1860), 42 N. H. 25; *Wilson* v. *Lane* (1856), 33 N. H. 466.

Whether the goods which were not subject to the lien were mingled by appellee with the goods which were covered by it, and whether the goods so intermingled were of such a character that appellant could not by the exercise of reasonable care distinguish them from the goods which belonged to the Jackman Brothers' stock were questions of fact for the jury. These questions of fact were submitted to the jury by instruction No. 6 given by the court of its own motion. The jury was not fully instructed as 5. to the rules of law bearing upon this phase of the case, but appellant waived the right to have further instructions on the subject given, by failing to request them. *Haas* v. *Cones Mfg. Co.* (1900), 25 Ind. App. 469, 58 N. E. 499; *Hindman* v. *Timme* (1893), 8 Ind. App. 416, 35 N. E. 1046. The only instruction tendered and requested 6. by appellant on this phase of the case was instruction No. 10 which was properly refused for the reason that it is not an accurate statement of the law. It states that, if goods not covered by the lien were intermingled with goods subject to such lien, under such circumstances that they could not be readily distinguished then the lien would attach to the entire stock. What has been said heretofore discloses the vice of this instruction. The other instructions

refused were covered by those given, and the instructions given, so far as they go, properly state the law applicable to the facts of the case. We find no reversible error and the judgment is affirmed.

Note.—Reported in 103 N. E. 347. See, also, under (1) 37 Cyc. 1140, 1145, 1230; (2) 37 Cyc. 1278; (5) 38 Cyc. 1693. As to doctrine of confusion of goods, see 54 Am. Dec. 589; 101 Am. St. 913.