GREAT ATLANTIC & PACIFIC TEA COMPANY *v.* McNEW.

[No. 14,599.  Filed April 4, 1934.  Rehearing denied June 8, 1934.  Transfer denied October 1, 1934.]

*Ray K. Shively* and *Charles R. Fox*, for appellant.

*John F. Robbins, Byram C. Robbins,* and *Philip H. Robbins*, for appellee.

KIME, J.—This appeal is from a judgment in favor of appellee, for damages sustained by her when she slipped and fell on the sidewalk in front of appellant's store, through the negligence of appellant.

It appears from the complaint that appellant, by and through its agents and employees, operated a grocery, tea, and coffee store at 613 Main Street, Richmond, Indiana; that on the day of the injury, to wit: April 22, 1929, appellant had on display in front of its store on the sidewalk, baskets, trays, and boxes containing, among other vegetables, green beans in the hull; that during the business hours appellant's agents, being the manager and clerks of the store, when making a sale of a vegetable so displayed, filled the order directly from such display; that in so filling the orders, vegetables, including green beans, fell from such baskets, on the sidewalk. That appellee was walking past the appellant's store between 7:00 and 7:30 o'clock P. M. on said day; that she stepped upon a green bean in the hull, felt the pod burst, slipped thereon and was thrown to the ground, falling heavily upon her left knee, injuring it and sustaining other injuries; that five or six minutes after the accident she proceeded to the home of her son; that on reaching his home she lay down on the bed and later, the same evening, went to her doctor and after an examination went to her home.

That as a result of said injury so sustained appellee is no longer able to earn her living as a dishwasher, the work she was doing prior to the injury, nor is she able to do any work that requires standing any length of time; that she is not able to do any regular work, still suffers great pain and, by reason thereof, has trouble sleeping.

Suit was brought by appellee and the issues were formed by an amended complaint and general denial. Trial was had by jury and a verdict and judgment was

rendered for appellee in the sum of $1,500.00. Appellant filed a motion for a new trial, which was overruled. This appeal followed, the assignment of error being that the court erred in overruling appellant's motion for new trial. The motion for new trial alleged that the damages assessed by the jury were excessive; that the verdict was not sustained by sufficient evidence and was contrary to law; and that the court erred in admitting the testimony of Willian T. Klein, over the objection of appellant.

The evidence disclosed that because of the injury to appellee's knee, she can no longer earn her living at the work she was doing prior to her injury, nor is she able to do any work that requires that she stand any length of time; that she is unable to do any regular work and that she still suffers great pain and has trouble sleeping, and being unable to work she cannot make a living. In view of the above evidence we do not believe that the damages were so great as to lead to the belief that the jury acted from prejudice, partiality, or corruption, therefore, this court will not reverse the judgment because of the alleged excessive damages. *Lauter* v. *Duckworth* (1897), 19 Ind. App. 535, 48 N. E. 864; *Southern Ind. R. Co.* v. *Davis* (1904), 32 Ind. App. 569, 69 N. E. 550; *Cleveland, etc., R. Co.* v. *Jones* (1912), 51 Ind. App. 245, 99 N. E. 503; *Illinois, etc., R. R. Co.* v. *Cheek* (1899), 152 Ind. 663, 53 N. E. 641, and cases there cited.

The gist of the action was negligence and the evidence, under the issues, disclosed that the appellant had on display, in baskets, in front of his store, on the day of the accident, green beans in the hull; that in filling orders some were spilled to the sidewalk; that appellee slipped on a green bean in the hull, was pitched forward and received the resulting injury, and that immediately after the accident wit-

nesses and appellee saw a number of such green beans in the hull, lying on the sidewalk. The store manager of appellant testified that he swept the sidewalk and threw the sweepings into the store waste box, shortly after 6:00 o'clock P. M. the day before appellee came into the store and said she fell and injured herself the evening before. It is the law in Indiana that negligence may be established by circumstantial evidence as well as by direct proof, and the circumstances in some cases may be such as to contradict and overcome the direct and positive testimony of witnesses to the contrary. *Chicago Terminal Transfer Railroad Co.* v. *Vandenberg et al.* (1905), 164 Ind. 470, 484, 485, 73 N. E. 990. In that case an employee of appellant testified that he locked a switch, but witnesses testified that shortly afterwards they noticed that the switch was not locked but was partially closed and since there was no evidence that other persons had been around the jury could and did conclude that the conductor did not actually lock the switch. Applying the facts of the case at bar to the above case we find that the store manager testified that he swept the walk himself and placed all sweepings, including some beans in the hull, in a waste box in the store, however, there was positive testimony that appellee slipped on a green bean in the hull, in front of appellant's store and was pitched forward and fell, injuring her knee, and that there was a number of the beans on the walk at the time when and where she slipped and fell, and further there was no evidence that any one else had dropped the beans there after the alleged sweeping. From such conflicting evidence, and it was within the province of the jury to weigh the same, the jury drew its conclusion and since there is evidence to sustain its verdict this court will not disturb such verdict. *Jeffersonville Mfg. Co.* v. *Holden* (1913), 180 Ind. 301, 102 N. E. 21; *Acme, etc., Machine Co.* v.

*Hunkler* (1923), 80 Ind. App. 143, 139 N. E. 591; *Union Traction Co.* v. *Buckland* (1905), 34 Ind. App. 420, 72 N. E. 158.

Since the appellant admits that there were beans on the sidewalk on the day of the accident the evidence of William T. Klein, concerning the custom of displaying vegetables upon the sidewalk by appellant, which testimony appellant claims was erroneously admitted, was harmless error.

Finding no reversible error the judgment of the Wayne circuit court is affirmed.