HOEPPNER ET AL. *v.* SALTZGABER ET AL.

[No. 14,831. Filed March 11, 1936. Rehearing denied July 2, 1936. Transfer denied September 30, 1936.]

460

*Eggeman, Reed & Cleland* and *Snouffer & Murphy,* for appellants.

*Samuel D. Jackson, C. Byron Hayes* and *Otto E. Grant,* for appellees.

CURTIS, C. J.—This was an action for damages for personal injuries brought by the appellee, Catherine Saltzgaber, against the appellants Dorothy Hoeppner and Clarence W. Hoeppner and also against Harold Lallow and Robert E. Lallow. The complaint was in one paragraph and was answered by a general denial. As a part of instruction number one the court correctly informed the jury that "The complaint has been dismissed as to the defendant, Robert E. Lallow, and all consideration as to him is withdrawn from you." The record discloses the said dismissal was by the appellee Saltzgaber at the close of her case in chief.

The cause was submitted to a jury for trial, resulting in a verdict as follows: "We, the jury in the above entitled cause, find for the plaintiff against all of the defendants and assess plaintiff's damages at $10,000.00." The judgment was in accordance with the verdict. The The appellants seasonably filed their separate and several motion for a new trial which was overruled and this appeal prayed and perfected, the sole error assigned for a reversal being the ruling on said motion. The defendant Harold Lallow filed a motion for a new trial which was also overruled but he has not appealed and was made a party appellee in this court. The appellants' motion for a new trial contains 31 specifications or causes which may be summarized as follows: Numbers

1, 2, and 3 allege that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. Number 4 asserts that the damages assessed by the jury are excessive. Causes number 5 to 15 inclusive each relate to a separate one in their order of the 11 instructions tendered by the appellee Saltzgaber and given by the court. Causes numbered 16 to 29 inclusive each relate to a separate one in the order named of instructions 3, 4, 5, 6, 7, 8, 9, 10, 17, 19, 20, 21, 22, and 26 of the instructions tendered by the appellee Harold Lallow and given by the court. Cause number 30 relates to the refusal of the court to give instruction number 1 tendered by the appellant, and cause number 31 relates in like manner to the refusal to give appellant's instruction number 2. In the appellants' brief under the heading of Propositions, Points, and Authorities they present for review only the first four causes of the motion for a new trial and the alleged error as to the giving of each of instructions numbered 5, 6, and 9 tendered by the appellee Saltzgaber and given by the court, and the alleged error as to the giving of each of instructions numbered 8 and 10 tendered by the appellee Lallow and given by the court, and the alleged error in not giving each of instructions numbered 1 and 2 tendered by the appellants and refused by the court. It is needless to say that the alleged error as to other causes or grounds of the motion are thus waived.

The appellee Saltzgaber was a guest riding in an automobile operated by the appellant Dorothy Hoeppner who was alleged to be operating said automobile at the time as the agent of her husband and co-appellant Clarence W. Hoeppner. The Hoeppner automobile collided with one operated by the appellee Harold Lallow, and the injuries suffered by the appellee Saltzgaber grew out of said collision. The appellee Salttzgaber, in construing her complaint, says: "As against the defend-

462

ants Lallow the appellee alleged that they were guilty of negligence. As against the appellants she alleged that they were guilty of reckless disregard of her rights." The complaint as to the appellants was evidently drawn with the view of bringing it within the provisions of what is commonly known as the Indiana Automobile Guest Statute, being Chapter 201, page 679, of the Acts of 1929 (§§47-1021, 47-1022, Burns 1933, §§11265, 11266, Baldwin's 1934). The accident in the instant case occurred in the year 1931, which was after the said act became effective. Considering the general scope and tenor of the complaint we conclude that its allegations bring it within the second exception contained in said act, and charge a "reckless disregard of the rights of others."

It is insisted by the appellee Saltzgaber that this appeal should be dismissed by reason of the fact that Robert E. Lallow was not made a party in this court in the assignment of error. There is no merit in this contention. The record affirmatively shows that at the close of appellee Saltzgaber's case in chief she dismissed her complaint as to him. Such record is as follows: "The court: All right. On motion of the plaintiff, then, the cause is dismissed as to Robert Lallow." There was no verdict as to him and no judgment. He is not a necessary or proper party to this appeal. Another reason urged by the appellee, Saltzgaber, for a dismissal of the appeal is that the appellants, she asserts, have not set out a condensed recital of parts of the evidence. This ground for dismissal is not now available to said appellee by reason of the fact that she has supplied such evidence in her own brief. It is, therefore, before the court and no reason now remains to dismiss the appeal on said ground.

But the evidence thus supplied presents for our consideration a state of the record, about equally contrib-

uted to by the appellants and appellees, whereby this court is faced with the task of deciding whether or not the verdict of the jury is sustained by sufficient evidence without having before it many of the substantial parts of the evidence that were presented to the jury. As illustrative of the point we desire to make we quote first from the evidence of the appellant, Dorothy Hoeppner, as follows:

"Q. You stopped back on Tecumseh somewhere and shifted gears?

A. Was *right here* (indicating on exhibit 'A'), *just this way* from the sidewalk.

Q. And then you went around the curb, and where the accident happened—will you tell us where your car was standing?

A. *I stopped here* (indicating) and shifted gears.

Q. Now, where were the two cars when they collided?

A. *Right about in here* (indicating).

Q. *Or about over here* (indicating)?

A. Yes.

Q. Having in mind, now, that *that is the curb line* (indicating) and *this is the barricade* (indicating).

A. Yes sir.

Q. Were you that far down from the barricade —that balustrade *that is along there?*

A. *There is another post that comes down over here* (indicating).

Q. No, my dear girl, *this is the one* (indicating). This line here. *This is the curbing, see?* Does that make it any clearer for you?

A. Yes sir.

Q. Now, *this point here* is—that is the balustrade *there* (indicating).

A. Yes sir.

Q. Now, with that in mind, tell us where the accident happened?

A. *Well, isn't there a post that comes down around here* (indicating)?

Q. No. I knew that was what was bothering you. That is the curbing. That has you all mixed

up. (Attorney hands photographs to witness.) Now, look at that photograph.

A. Yes.

Q. Now, the collision occurred *up beyond these things, didn't it?*

A. It occurred *right in here* (indicating on photograph).

Q. *Up beyond?*

A. I would say it was *even.*

Q. *Right about even with that.* Then if these (indicating) are posts—the corner post, *then the accident happened up in here?*

A. *Right in here* (indicating)."

The same witness in her cross-examination testified as follows:

"Q. Could you tell the jury how far away the Lallow car was when you first saw it?

A. That is hard to say.

Q. Could you give me an idea by pointing it out on this plat here?

A. Yes sir.

A. Yes sir. (Attorney hands defendant Hoeppner's Exhibit 'A' to the witness.)

A. *Right here.*

Q. And at that time, where were you?

A. *I was coming up here* (indicating on exhibit.)

Q. Were you on *that side* of the yellow line as you came up there?

A. I was on my side of the yellow line.

Q. You were coming up Crescent Avenue, were you not?

A. Yes sir. I was coming up Crescent Avenue, on my side. *Shifted right in here* (indicating) clear over on this side (indicating)."

Then upon redirect examination of the same witness we find the following in locating the place of the accident:

"It happened *right here* (indicating on photograph).

Q. At the point where it makes a turn on the bridge?

A. Yes, *right in here* (indicating). You see, *here* is this line runs *right up* like this (indicating) and it happened right in here (indicating).

MR. CLELAND: That's all.

MR. JACKSON: *Back here* (indicating) is where you shifted gears?

A. Yes sir."

The testimony of the witness Harold Lallow who was driving the car which collided with the Hoeppner car and who was a defendant below was equally as uncertain as the said evidence of Dorothy Hoeppner just set out. We quote from it as follows:

(a) "Q. I hand you defendant Hoeppner's exhibit 'A.' Do you recognize this plat? Witness refers to exhibit.)

A. Yes sir.

Q. Will you show me on this plat just where the actual collision took place?

A. *About right there* (indicating on exhibit).

(b) Q. Can you indicate on this plat just where the driver or the other car was at the time that you first saw it.

A. It was *about right in there* (indicating on exhibit).

(c) Q. Will you indicate on that photograph just where the actual collision took place?

A. *About right in there* (indicating on photograph).

Q. And you came together at just what point on this map that we have here, this defendant's exhibit 'A'?

A. *About there* (indicating on exhibit)."

We have italicized the words and phases in the above evidence which are so indefinite and uncertain as to be practically meaningless to us as an appellate tribunal. To the court and jury hearing the witness testify and seeing the exhibits referred to by the attorneys and witnesses, the evidence may have been perfectly clear. In discussing evidence of the character above set out the court in the case of *San Jacinto Rice Company* v. *Ulrich*, 214 S. W. 777 (Texas), used the following apt language:

"A reading of the statement of facts shows that the witnesses were testifying from maps and plats before them, and in describing drainage ditches and

laterals and fences and levees they answered evidently by referring to the map and saying 'this ditch here' and 'this fence here' and 'this lateral here' and 'this rice here.' While this testimony was perfectly plain to the jury, and they were able to follow it, it has no meaning at all to this court."

See also *Ainsworth* v. *Texas & N. O. R. Co.* (1926), 288 S. W. 481 (Texas). While both the appellants and appellees were almost equally guilty of thus making a record for this court which is in a large measure meaningless upon an important matter as above pointed out, the appellants are vastly more harmed because upon them rests the burden of showing that the verdict is not sustained by sufficient evidence, while the presumption in favor of the verdict aids the appellees. And it is to be noted that the evidence above set out is important by reason of the fact that it is the evidence of two of the defendants as to how and where the accident in question took place. The evidence is, therefore, far from being merely incidental. This court, being unable to understand and apply the evidence as to a vital part thereof, is in no position to say that there was not sufficient evidence to sustain the verdict of the jury, especially in view of the fact that the jury without doubt fully understood the said evidence and could apply it.

The appellants complain of appellee Saltzgaber's instructions numbered 5, 6 and 9 which were given by the court. They are as follows:

### INSTRUCTION NO. 5.

"In plaintiff's complaint she has alleged a number of acts of reckless disregard for the rights of others committed by the defendants Hoeppner. So far as proof on this point is concerned, it is not necessary for plaintiff to prove all the acts of reckless disregard for the rights of others alleged, but it is only necessary for her to prove one or more of said acts of reckless disregard for the rights of others as alleged in plaintiff's complaint. The same, of course, is true and the same principle ap-

plies as to the negligence alleged and required to be proved respecting the defendant, Harold Lallow."

### INSTRUCTION NO. 6.

"Any act prohibited by statute in the regulation of and for the safety of the highways in this state is in and of itself, a negligent act; and in this connection I instruct you that the statutes of Indiana require that every motor vehicle operated or driven upon any public highway in this state shall, during the period from one-half hour after sunset to one-half hour before sunrise, carry two lighted lamps on the front which shall display a white light visible from the front.

"And I further instruct you that the statutes of the State of Indiana provide that it shall be unlawful for any person to drive or operate a motor vehicle on any of the public highways of this state in a reckless or dangerous manner and so as to endanger the life, limb or property of any person. For the purpose of this act, the term 'reckless driving' shall be construed to mean, among other things, driving on that side of the highway which is to the left of the operator."

### INSTRUCTION NO. 9.

"In this case the plaintiff in her complaint seeks to recover as against several defendants jointly. Under the issues joined you may find for the plaintiff as against all of the defendants, or you may find for the plaintiff as against one of them and against her as to the others; or you may find for the plaintiff as against two of them and against her as to the other; or you may find against her as to all of the defendants, according as she or they or either of them may be entitled under the evidence in the cause and the instructions given you by the court; but in order to find for her as against all of the defendants, it must be shown by the evidence that the alleged negligent acts of the defendant, Lallow, and the alleged acts of reckless disregard for the rights of others on the part of the defendants, Hoeppner, caused or proximately contributed to the cause of the plaintiff's injuries in the manner as set forth in the plaintiff's complaint; but if you should find from the evidence that all of the defendants were guilty of all or a part of the acts of neg-

ligence and reckless disregard for the rights of others as charged respectively against each of them in the complaint, and that such acts were concurrent with each other, and the other conditions of liability were present, as elsewhere in these instructions stated, then the plaintiff would be entitled to recover against all of the defendants."

Alleged error is also presented by the appellants as to instructions numbered 8 and 10 tendered by their co-defendant Harold Lallow and given by the court. They are as follows:

### INSTRUCTION NO. 8.

"The court instructs you that the plaintiff must not only prove at least one of the negligent act or acts to have been committed by the defendant, Harold Lallow, as alleged in her complaint, but must prove by a fair preponderance of the evidence that the negligent act or acts, if proved, was a contributing cause of the injury complained of."

### INSTRUCTION NO. 10.

"The court instructs you that contributory negligence of the plaintiff is a defense to the cause of action of the plaintiff. Contributory negligence is negligence on the part of the plaintiff which causes or partly causes the injury complained of, and so, if you find by a fair preponderance of the evidence that the plaintiff in this case did some act or omitted to do some act which a reasonably prudent and careful person would not have done or omitted to do, then you shall find for the defendant, Lallow."

As to the instructions thus given we have enough before us to enable us to determine whether or not they were so utterly erroneous that they could not be applicable to any evidence admissible within the issues and of such a nature as that their probable effect was harmful.

The appellants' chief argument against said instruction number 5 above set out is that it "omits entirely

the element of proximate cause and infers if proof of one act is made, it is sufficient to warrant a verdict." The instruction is not subject to the "inference" placed upon it by the appellants. Not all of the law of the case need be stated in any one instruction and this is particularly true where as in the instant case the instruction is not mandatory in form and does not purport to set forth all of the elements upon which a recovery can be based. Appellee Saltzgaber's instruction number 9 sufficiently advised the jury on the subject of proximate cause as also did the appellee Harold Lallow's instruction number 9 which is unchallenged. In our opinion the jury was not misled by the instruction, which simply told the jury that while the plaintiff had alleged many acts of reckless disregard for her rights by the Hoeppners yet she need not prove all of them but it would be sufficient if she proved any one of them. The jury was also told that the same rule applied to the alleged acts of negligence of the defendant Harold Lallow. It is also the contention of the appellants that the instruction was bad for the reason that, as they say, the complaint charged that two causes contributed to produce the injury and that it was therefore necessary to prove both and that the instruction did not take into account that rule. In support of this contention the appellants cite the case of *Southern Indiana Gas & Electric Co.* v. *Winstead* (1931), 92 Ind. App. 329, 175 N. E. 281. In the case cited this court held that where two or more concurring acts of negligence are alleged to have been committed by the same party from which an injury results, and which injury would not have resulted in the absence of either one of said acts, in order to sustain a recovery it is necessary to prove all of said negligent acts. But the instant case is at once distinguishable from that case. In the instant case there are two separate defendants, one charged with negli-

gence and the other charged with a reckless disregard for the rights of the plaintiff. We adhere to the holding in the Winstead case, *supra,* but it has no application to the instant case. The jury in the instant case, if the evidence warranted it, could have returned a verdict either for or against the appellants without regard to what its verdict might have been as to Lallow.

Instruction number 6 as above set forth is also assailed by the appellants. It is clear that the first grammatical paragraph of that instruction relates to ▮▮▮ that part of the evidence which would tend to show that the defendant Lallow had but one light upon his car. We do not see how the appellants would be harmed by that part of the instruction even if it were an erroneous statement of the law. The latter part of the instruction followed closely the statute itself. The instruction is also challenged as omitting any statement relating to proximate cause. What was previously said in this opinion on that subject in relation to instruction number 5 applies equally to the instruction under consideration and it may also be mentioned that the appellants have not pointed out where they at any time made any request for any further instruction on the subject of proximate cause as was their duty if they deemed this subject had been incompletely covered by the instructions given. *Western Union Tel. Co.* v. *Buskirk* (1886), 107 Ind. 549, 8 N. E. 557; *Hindman* v. *Timme* (1893), 8 Ind. App. 416, 35 N. E. 1046; *Mendenhall et al.* v. *Stewart, Exr.* (1897), 18 Ind. App. 262, 47 N. E. 943; *Robinson* v. *Youngblood* (1913), 54 Ind. App. 669, 103 N. E. 347. Insofar as might be availing to the appellants substantially the same objections were made to the said instruction number 9 above set forth as were made to instructions 5 and 6 just considered in this opinion and we need not repeat what has previously been said. When considered with the other instructions

given in the case, as it must be, we find no reversible error in the giving of said instruction number 9.

We next take up instructions numbered 8 and 10 heretofore set out which were tendered by the defendant Harold Lallow. Here again as to said instruction number 8 it may be said that what we have previously stated in this opinion answers all of the objections raised thereto. Instruction number 10 above set out clearly refers to the defendant (appellee) Harold Lallow and if it were to be applied to the appellants Hoeppner and Hoeppner it would be more favorable to them than they would be entitled to under the law because it instructs on the law of contributory negligence which defense they can not avail themselves of under the so-called Indiana Automobile Guest Statute to which reference has heretofore been made. The appellants are, therefore, in no position to complain of the instruction. See *Coconower* v. *Stoddard* (1933), 96 Ind. App. 287, 182 N. E. 466.

The appellants also predicate error upon the action of the trial court in refusing to give instructions 1 and 2 tendered by the appellants. They were each peremptory, number 1, directing a verdict in favor of the appellant Dorothy Hoeppner and number 2 directing a verdict in favor of Clarence Hoeppner. Directed to these two tendered instructions the appellants say that there was no evidence "showing any recklessness or wantonness on the part of Dorothy Hoeppner," and that "The most the evidence showed was a questionable cause of negligence which is insufficient under the guest statute." But the Coconower case, *supra,* decided that:

> "The question as to whether the accident was caused by the reckless disregard of the rights of others should be left to a jury in all cases where there is any conflict in the evidence, or where different inferences from the testimony given might

be reasonably drawn, yet the case should be submitted under instructions which clearly and succinctly inform the jury that there must be something more than negligent conduct to justify recovery."

The court in the instant case was careful indeed in that it repeatedly instructed the jury that something more than negligence must be found as to Dorothy Hoeppner and that if they found she was guilty of negligence only and not guilty of a reckless disregard for the rights of the plaintiff that then their verdict must be in her favor. There is enough in the evidence that is brought before us to convince us that under the rule announced in the Coconower case, *supra,* the question of whether or not the appellant Dorothy Hoeppner was guilty or not of a reckless disregard for the rights of the plaintiff, was properly submitted to the jury. There was no error in refusing to give the two peremptory instructions.

The remaining question for determination is whether or not the damages assessed by the jury are excessive. A general statement of the rule followed by appellate tribunals is that such courts will not disturb the verdict of a jury on the ground that such verdict is excessive unless the verdict is so excessive in view of the evidence as to induce the belief that the jury acted from partiality, prejudice, corruption or other improper motive. See *Lauter* v. *Duckworth* (1898), 19 Ind. App. 535, 48 N. E. 864; *Southern Indiana Railway Co.* v. *Davis* (1904), 32 Ind. App. 569, 69 N. E. 550; *Great Atlantic & Pacific Tea Co.* v. *McNew* (1934), 99 Ind. App. 229, 189 N. E. 641; *Illinois Central Railroad Co.* v. *Cheek* (1899), 152 Ind. 663, 53 N. E. 641. In support of their contention that the verdict of the jury is excessive the appellants in their brief state the following: "Appellee Harold Lallow called as his medical expert one Dr. King. On cross-examination he

testified that appellee Catherine Saltzgaber could bend her knee back farther than was indicated by the evidence, and he testified that he would be able to flex the leg at the knee backward to a degree greater than forty-five degree angle. Appellee Catherine Saltzgaber's counsel had the appellee stand up and invited the doctor to attempt to flex the leg. The doctor proceeded to do this, and on his first endeavor the appellee, Catherine Saltzgaber, screamed and the doctor not heeding the scream proceeded to bend the leg farther, and the appellee, Catherine Saltzgaber, fainted. It was impossible for appellants to guard against this result. Its natural effect was to prejudice the jury as against both appellants and appellee Harold Lallow. The amount of the verdict for the simple injury pictured by the evidence evidences the influence this act exerted upon the jury." But, as pointed out by the appellee, Saltzgaber, in her brief, the appellants made no objection whatever to the demonstration attempted by Dr. King. If it were successful they would benefit by it but if otherwise the opposite result would follow. We are, therefore, not greatly impressed with appellants' contention. We look upon the verdict in the instant case in much the same light as the court did in the case of *Illinois Central Railroad Company* v. *Cheek, supra,* wherein it was said (p. 678) : "We regard the judgment a large one, and it certainly was the duty of the trial judge to closely scrutinize and review the evidence and circumstances in the case to discover whether the jury was too liberal in their award of damages, and, if he found such to be the fact, promptly to grant a new trial or require a remittitur. The trial judge, by overruling the motion for a new trial, in effect approved the assessment of damages, and we are not able to say that he violated his duty. No precise rule can be laid down for the award of compensation, in cases of this kind, where the injury sustained

is permanent, and will entail constant suffering upon the injured party. The mere fact that the damages may appear to this court on appeal to be excessive will not alone justify it in disturbing the judgment, unless the assessment is so large as to induce the belief that the jury was actuated by prejudice, partiality, or corruption."

There was evidence from which the jury could reasonably conclude that the injury to the appellee Saltzgaber's leg was permanent and extensive; that she had a permanent scar upon her nose; that her pain and suffering during the period of treatment and convalescence was great. We cannot say as a matter of law that the damages assessed by the jury are excessive.

No reversible error having been shown, the judgment is affirmed.