HETTMANSPERGER v. HETTMANSPERGER

[No. 15,300. Filed January 18, 1937. Rehearing denied June 26, 1937.]

[redacted]

*Emmett S. Huggins, Otto H. Krug,* and *Walter S. Brent,* for appellant.

*Herman Hipskind,* and *Burr H. Glenn,* for appellee.

CURTIS, J.—This was an action by the appellee against the appellant to recover damages for personal injuries alleged to have been sustained by her while riding as a non-paying guest in an automobile owned and operated by the appellant.

The first paragraph of the appellee's amended complaint alleged that the appellee's injuries were caused by the appellant's wilful misconduct toward the appellee in the driving of appellant's automobile but this paragraph was dismissed by the appellee and the cause was submitted and tried upon the second paragraph of the amended complaint which was answered by a general denial. This paragraph alleged that the appellee's injuries were caused by an accident due to the reckless disregard of the appellee's rights as a non-paying guest in the appellant's automobile which he then operated. Omitting formal parts we set out a copy of the said second paragraph as follows:

> "For a second paragraph of amended complaint herein, plaintiff in the above entitled cause complains of the defendant and says that at about the hour of 6:30 o'clock in the evening of the 7th day of December, 1930, this plaintiff was riding in a Model A Ford Coach automobile, bearing engine No. A-1206154, owned by said defendant and then being driven and operated by said defendant from the city of Kokomo, in Howard county, State of In-

diana, over and upon the highway known as U. S. Highway 31, toward the city of Peru, Miami county, State of Indiana. That this plaintiff was then and there riding in said automobile as the guest of said defendant, said plaintiff having been invited by said defendant to ride in his said automobile on said trip without payment for such transportation.

"Plaintiff further alleges that as said defendant driving said automobile as aforesaid, departed from said city of Kokomo and was operating his said automobile north on said U. S. Highway 31, mist and rain was falling and the atmosphere was foggy over and along said highway, so that the lights on defendant's said automobile did not pierce said fog and mist for more than 10 feet in front of said automobile, and it was impossible to see any object on said highway at a distance more than ten feet ahead of said defendant's automobile as it proceeded along said highway. That said defendant then and there drove and operated his said automobile at a high and reckless rate of speed, to-wit: 46 miles per hour, so as to endanger the life and limb of this plaintiff. That while said defendant was operating the said automobile as aforesaid for a distance of approximately four miles and immediately prior to the collision as hereinafter described, this plaintiff repeatedly cautioned said defendant that it was impossible for said defendant or this plaintiff to see any object upon said highway in front of them, and that there was great danger of colliding with another vehicle upon said highway if he continued to operate his said automobile so rapidly as aforesaid, and requested said defendant to drive at such a rate of speed that he could stop his automobile and avoid a collision in the distance at which any other vehicle or object could be seen in front of them, but that said defendant, in reckless disregard of the right of this plaintiff to be safely transported, continued to operate his said automobile at said high and reckless rate of speed through said mist and fog as aforesaid, and by reason thereof ran his said automobile into and against the rear end of a motor truck which was being operated north on and along said highway at a point about four miles north of said city of Kokomo and thereby this plaintiff suf-

fered great bodily injuries in this: that her skull was fractured, the bones in the wrist of her right arm were broken and crushed, the tibia in her left leg was fractured just below the knee and the bones, ligaments and muscles of her entire body were injured, sprained and bruised. That as a result of said injuries this plaintiff has suffered and will permanently suffer throughout her life great and excruciating pain over her entire body; plaintiff's wrist of her right arm is stiff and she has permanently lost the use of her right forearm; that her left knee joint is stiff and she has permanently lost the use of her left leg.

"That by reason of the premises this plaintiff has been damaged in the sum of ten thousand dollars ($10,000.00). That plaintiff's said damages resulted solely by reason of said defendant's said reckless disregard of the right of this plaintiff to be safely transported as aforesaid.

"WHEREFORE, plaintiff demands judgment against said defendant for ten thousand dollars ($10,000.00) and for all other proper relief."

Upon the issues above set forth the cause was submitted to a jury for trial resulting in a verdict in the appellee's favor in the sum of $6,575.00 upon which judgment was rendered. The appellant seasonably filed a motion for a new trial which was overruled with an exception reserved and this appeal prayed and perfected, the error assigned and relied upon being the ruling on said motion. The causes or grounds of the motion for a new trial which are presented for review are that the damages assessed are excessive; that the verdict is not sustained by sufficient evidence and is contrary to law; alleged error in the giving to the jury of each of the court's instructions numbered 10, 11, 12, 13, and 15; alleged error in refusing to give each of the appellant's instructions numbered 7, 9, and 13, and alleged error of the court in the refusal to direct a verdict in favor of the appellant at the close of all of the evidence.

We have carefully read the condensed recital of the evidence presented by the appellant in his brief and the supplemental parts of the evidence presented by ██ the appellee in her brief. While there is much that is in conflict in the evidence yet this court will not weigh such evidence and substitute its judgment for that of the jury. When the evidence is considered it is found that each of the material allegations of the paragraph of the amended complaint upon which the cause was tried, was proven by at least some competent evidence. The jury was the sole judge of the weight of such evidence. Its verdict in the instant case is sustained by at least some evidence. We have found nothing to convince us that the damages awarded are excessive. There was evidence tending strongly to prove that the appellee sustained two broken bones in an arm, a skull fracture at least two inches long, injuries to her hand, arm, neck, shoulder, foot, knees, and many sprains, and that she remained in a hospital eighteen days and was bedfast for seven weeks and could do nothing in the way of performing any duty for seven months; that her injuries are permanent and that she is seriously impaired in her right arm, hand, and fingers, together with her knees, and that her vision in her right eye is also seriously impaired; that she has difficulty in bending her knees; that she is nervous and that her head throbs and she cannot wear a hat or stand any pressure on her head, that she suffers intense pain and is unable to sleep at times and is required to take medicine and that most of these impairments are likely to continue throughout her life and that she is fifty-six years of age with a normal expectancy of over sixteen years. Neither do we find anything from which it may be said that the verdict is contrary to law, unless, as contended for by the appellant, the verdict was improperly affected by an error or errors of law occurring

at the trial. In taking up the appellant's contentions in that regard we are led to a consideration of the instructions given upon which alleged error is predicated as above set out and to a consideration also of the alleged errors in the refusal of the court to give each of the appellant's instructions above enumerated.

The complaint proceeded upon the theory that the appellee received her injuries by reason of an accident caused by the appellant's reckless disregard of her rights as a guest while riding in the appellant's automobile which he was driving. It is based upon the Acts of 1929, p. 679, sections 10142.1 and 10142.2 Burns Supplement 1929. The case was tried upon that theory. This court in the case of *Coconower* v. *Stoddard* (1933), 96 Ind. App. 287, 182 N. E. 466, which was later followed with approval in the case of *Hoeppner* v. *Saltzgaber* (1936), 102 Ind. App. 458, 200 N. E. 458, construed the above statute and laid down the rules that are determinative of the main questions of this appeal. We do not feel called upon in this appeal to restate the rules of law therein announced. Measured by the law thus laid down the instructions given in the instant case were full and complete. The jury was instructed in no uncertain terms that something more than negligence was required to be shown by the evidence before a verdict could be found against the appellant, based upon a reckless disregard of the rights of others. The instructions given were clear and ably drawn and in our opinion the jury was fully and fairly instructed. There was no error in the refusal of the court to give each of the appellant's instructions numbered 7, 9, and 13, of which complaint is made, as there is no error in refusing to give an erroneous instruction or in refusing to give a correct instruction that is fully covered by another or other instruction.

From what we have said it is manifest also that there

was no error in refusing to give the appellant's peremptory instruction tendered at the close of all of the evidence as complained of by the appellant.

Finding no reversible error the judgment is affirmed.