## BLAIR *v.* MAY.

[No. 16,093.  Filed February 27, 1939.  Rehearing denied May 3, 1939.  Transfer denied June 12, 1939.]

*Rex S. Emerick,* and *Charles H. Stamm,* for appellant.
*Barrett, Barrett & McNagny, Leigh L. Hunt, Mentor Kraus,* and *J. A. Bruggeman,* for appellee.

CURTIS, C. J.—This action was brought by the appellee, Gloria Belle May, by her next friend, Forest R. May, against the appellant, Marcus Blair, to recover damages for personal injuries received by the appellee while riding as a guest in an automobile owned and driven by the appellant. The accident, out of which the injuries grew, occurred on the 26th day of May, 1935, at an intersection formed by State Road No. 7, commonly called the Lower Huntington road, situated in Allen County, Indiana, and the Smith road, which intersects said State Road No. 7.

The action was originally filed in the Allen Circuit Court and afterwards the venue was changed to the Noble Circuit Court. A trial by jury resulted in a verdict for the appellee in the sum of $1,800.00, upon which judgment was duly rendered. A motion for a new trial was filed and overruled and this appeal followed.

The cause was tried in the court below on the issues formed by the appellee's complaint in one paragraph and an answer of general denial. At the close of the evidence the complaint, by leave of court, was amended. The ruling of the court permitting said amendment is not questioned in this appeal.

The appellee alleged in the complaint that the appellant requested her to ride with him as a guest in his automobile on the 26th day of May, 1935; that the appellee was then 11 years old and accepted the appellant's invitation to ride as a guest in his automobile, and for that purpose entered into and rode in the rumble seat thereof; that at such time two other adult persons rode in the front seat with the appellant; that an intersection was formed by State road No. 7, commonly called the Lower Huntington road, which ran in an easterly direction, with a north and south highway, commonly known as the Smith road, all in Allen County, Indiana; that the appellant approached such intersec-

tion from the west on State Road No. 7, traveling in an easterly direction, at a high, dangerous, reckless and wanton speed of seventy miles per hour and in a reckless disregard of the rights of others, including the appellee, in that he operated such automobile at said excessive and dangerous rate of speed with two adult passengers in the front seat with him and without paying any attention to where he was going or keeping any lookout for other traffic which might be approaching said intersection. At the close of the evidence as previously mentioned, the court permitted the appellee to amend her complaint by interlineation by inserting the following: "And in that the defendant, after seeing another automobile approaching and entering said intersection in front of him, operated his said automobile into said other automobile without abating said speed of seventy miles per hour and without making any effort to avoid a collision with said automobile." The appellee further alleged that at said time and place another automobile approached said intersection from the north on said Smith road; that the two automobiles collided on the intersection and as a direct and proximate result thereof the appellee was thrown from such automobile and received permanent injuries, including a skull fracture, and remained unconscious for approximately five days; that the appellee's left arm was fractured and that her right chest was crushed, accompanied by pulmonary hemorrhages resulting in a collapse of the right lung, and by reason of such injuries was compelled to spend one month in a hospital and four months under the care of a physician and suffered much pain and agony, all to her damage in the sum of $12,000.00.

A motion to make the complaint more specific was filed and overruled, followed by a demurrer which was likewise overruled but these rulings of the court are not questioned in this court. The answer of general denial

was then filed. Trial followed on the above issues resulting as heretofore stated.

The appellant in his brief has expressly waived each specification in the assignment of error except the sole one that the court erred in overruling the motion for a new trial. The causes or grounds of that motion which are presented to this court are that the verdict of the jury is contrary to law; is not sustained by sufficient evidence; alleged error in the giving to the jury of instruction number 6 tendered by the appellee and in the refusal of the court to give each of instructions numbered 5, 10 and 12 tendered by the appellant.

At the outset it is to be noted that this cause of action is governed by the so called automobile guest statute of 1929. See Acts 1929, §1, Chapter 201, page 679, §47-1021, Burns 1933. The above act was amended by the Act of 1937, §1, Chapter 259, page 1229, but the cause of action herein originated in an accident occurring May 26, 1935. It was tried before the said Act of 1937 became effective. This last mentioned Act does not govern this cause.

Section 1 of the said Act of 1929, *supra,* which is the section applicable herein is as follows:

"No person who is transported by the owner or operator of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator, for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of such owner or operator or caused by his reckless disregard of the rights of others."

The complaint among other things charged "that while the defendant was so operating said automobile he approached the intersection of State Road Seven (7) and the Smith road at the high, dangerous, reckless and wanton speed of seventy (70) miles per hour; that at said time the defendant operated his automobile in a reckless disregard of the rights of others, including the

plaintiff, in that he operated said automobile at said excessive and deadly rate of speed with two (2) adult passengers in the front seat with him and without paying any attention to where he was going or keeping any lookout for other traffic which might be approaching said intersection.

Plaintiff further alleges and says that at said time and place another automobile was approaching said intersection from the north on the Smith road; that as a direct and proximate result of the defendant's reckless disregard of the rights of others, including the plaintiff, as hereinabove set forth, the automobile in which the plaintiff was riding collided with said automobile approaching on the Smith road; that as a direct and proximate result of said collision plaintiff was thrown from said automobile and received numerous severe and permanent injuries." (We need not again set out the injuries alleged.)

The evidence with little or no conflict showed that on May 26, 1935, the appellee was on the porch of her home after dinner and while there she was invited to go for a ride in appellant's car. She was at that time a minor eleven (11) years old. No permission was obtained from her parents. On the way home during the ride, as the appellant reached the said Lower Huntington Road at the intersection of that road with the said Smith Road, he was involved in a collision with an automobile operated by one Coates. At the time, the weather was clear and the road dry.

The intersection in question was practically a right angle intersection. The Lower Huntington Road ran in an east-west direction and was a preferred highway. The Smith Road ran in a north-south direction. Appellant was traveling in an easterly direction on the Lower Huntington Road and the Coates automobile was traveling in a southerly direction on the Smith Road.

After the accident, the Coates automobile stopped at

a ditch in the southeast corner of the intersection, while appellant's automobile stopped in a field about one hundred and fifty feet east of the intersection and fifty feet south of the Lower Huntington Road. Before coming to rest, appellant's automobile traveled through a ditch two to two and one-half feet deep, a new fence, and turned over at least twice. Appellant's testimony to the effect that he applied his brakes shortly before the collision was undisputed.

Mr. and Mrs. Coates testified that they stopped before entering the preferred highway. Mr. Coates stated that he did not see the appellant's automobile approaching and thereupon drove forward into the intersection. Mrs. Coates said she did not see the appellant's automobile but she heard a noise like the roar of an airplane motor just before the crash. Mr. Coates testified further that his car was hit on the right hand side from the door to the front of the car and that at the time of the collision he was more than halfway across the intersection.

The appellant's version of the accident was to the effect that when he was about seventy-five feet from the intersection and traveling thirty-five to forty miles per hour, he saw the Coates automobile approaching the intersection from his left. At that time, the Coates automobile was about seventy-five feet north of the intersection and going fast—more than forty miles per hour. The Coates car continued without changing its course or abating its speed up to the time of the collision. The appellant did not sound his horn at any time prior to the accident, and his sole precautions consisted in taking his foot off the accelerator and swinging to the right side of the road shortly before entering the intersection, and in applying his brakes after entering the intersection.

Another witness testified that she lived in a house situated about six hundred feet east of the intersection and about ten feet south of the Lower Huntington Road.

Her home had a large window which faced the intersection. On the afternoon of the accident she was standing at this window and before the accident she noticed appellant's automobile to the west of the intersection. This brick house was situated one-half mile west of the intersection. She glanced at appellant's approaching car, glanced over to look at some calves in a field, looked back to the intersection. When she looked back, she saw the appellant's car rolling into her field. When the Coates car stopped its front end was against a telephone pole. Both automobiles were practically demolished.

In our opinion the evidence herein can reasonably be interpreted as tending to prove a reckless disregard of the rights of the appellee on the part of the appellant. It, therefore, became a question of fact for the jury to determine that question from the evidence under proper instructions given by the court. These instructions should inform the jury that there must be something more than negligent conduct to justify a recovery. See: *Coconower* v. *Stoddard* (1933), 96 Ind. App. 287, 182 N. E. 466; *Hoeppner et al.* v. *Saltzgaber et al.* (1936), 102 Ind. App. 458, 200 N. E. 458.

The jury by its verdict necessarily found that the appellant was guilty of a reckless disregard for the rights of the appellee. From an examination of the evidence it is apparent that the verdict is sustained by sufficient evidence. It must therefore be allowed to stand unless it was erroneously affected by an error or errors of law occurring at the trial and complained of by the appellant. The only such errors relied upon by the appellant are as to the giving of instruction number 6 tendered by the appellee and the refusal to give each of instructions 5, 10 and 12 tendered by the appellant. We now take up these instructions.

Complained of instruction number 6 tendered by the appellee and given by the court is as follows: "In order

to constitute reckless disregard of the rights of others, including the plaintiff, it is not necessary that the plaintiff prove that the defendant operated his automobile in such a manner as to charge the defendant with an intention to wilfully or designedly cause injury to the plaintiff." The complaint herein charged a reckless disregard of the rights of the plaintiff (appellee) by the defendant (appellant). The said Act of 1929, *supra,* was intended to relieve and release the owner or operator of a motor vehicle from liability for damages to a guest therein except in two classes of cases, to wit, where the accident causing the injury was *intentional* on the part of such owner or operator and secondly where the accident causing the injury was caused by the *reckless disregard* of the rights of the injured person. See: *Coconower* v. *Stoddard, supra; Hoeppner* v. *Saltzgaber, supra.* The instruction complained of was intended to cover the second class of cases above mentioned and when it is considered along with the other instructions in the case it was not erroneous.

As to said instructions numbered 5, 10 and 12 tendered by the appellant which were each refused by the court and of which refusals the appellant complains it may be said first that said tendered instruction number 5 was erroneous and was correctly refused by the court for the reason that it embodied the idea that no recovery could be had if "there was no purpose or design on the part of the defendant to inflict the injuries complained of" shown by the evidence. The underlying principles of law have heretofore been pointed out showing the said instruction was erroneous and need not now be repeated. Said instructions 10 and 12 each had been fully covered by other instructions given in the case and it was therefore not error to refuse to give them. See: *Hettmansperger* v. *Hettmansperger* (1937), 103 Ind. App. 632, 5 N. E. (2nd) 685.

A careful reading of the instructions given by the court leads one to the conclusion that the instructions given were as favorable to the appellant and in some instances more favorable to him than the law warrants, and that the jury was fully instructed that something more than negligence had to be shown by the plaintiff (appellee) before a recovery could be had.

We have found no reversible error. Judgment affirmed.