HAMBLE *v.* BRANDT ET AL.

[No. 14,619.   Filed March 30, 1934.]

*Oscar T. Smith, Karabell & Lipman,* and *Clark & Kahl,* for appellant.

*Herman L. McCray, Edward J. Boleman, Burrell Wright, Jacob S. White, Edgar M. Blessing,* and *Eph Inman,* for appellees.

BRIDWELL, P. J.—Appellant filed his complaint against the appellees seeking to recover damages because his wife had received personal injuries occassioned by negligence of the appellees, and that he had thereby sustained a loss on account of being deprived, as a result of said injuries, of her "services, society, companionship and consortium." Appellees filed their separate and several answers in general denial to the complaint, and upon the issues thus formed the cause was submitted to a jury for trial. At the close of all the evidence the court, upon the separate and several motion of appellees, instructed the jury to return a verdict for the defendants (appellees), which the jury did. Appellant filed motion for a new trial which was overruled and he excepted. Judgment was rendered on the verdict, and this appeal perfected, the appellant assigning as error the overruling of his motion for a new trial.

The sufficiency of the complaint is not questioned but we deem it best to set out the acts of negligence charged therein. Among other material allegations the complaint avers that the defendants (appellees), while engaged in constructing an overhead structure for H. P. Wasson & Co., from one building to another, and over and across East Court Street in the City of Indianapolis, Indiana, with knowledge that said street was constantly and continuously used by employees of H. P. Wasson & Company and other persons, "carelessly, negligently and recklessly threw, dropped or allowed to fall a brick, pieces of brick, dust, dirt, or other hard substances, then and there in the possession and custody and under the control of said agents, servants and employees of said defendants, and each of them, from

said overhead roof upon and against said plaintiff's said wife, striking her with great force and violence on the right upper portion of her head, causing severe pains and injuries, etc." It is also alleged that defendants, and each of them, "carelessly, negligently and recklessly, failed and neglected to provide reasonable and proper safeguards to prevent injury to said plaintiff's said wife or to any person or persons using said passageway."

The first four causes for a new trial, stated in the motion therefor, are that the verdict of the jury is not sustained by sufficient evidence; that said verdict is contrary to law; that the court erred in sustaining appellees' motion to instruct the jury to return a verdict for the defendants; that the court erred "in giving to the jury the instruction, that they render a verdict for each of said defendants separately and severally." The fifth and only remaining cause specified in said motion is not in any manner mentioned under appellant's "Propositions and Authorities" and is therefore waived.

While presented in different form by the several causes for a new trial alleged in the motion therefor, the question which we have to determine is whether the court erred in giving the peremptory instruction to the jury.

Such an instruction should not be given unless there is a total lack of evidence upon some essential issue, or where there is no conflict in the evidence and it is susceptible of but one inference and that inference is favorable to the party asking the instruction. The court must accept as true all facts which the evidence tends to prove and draw against the party requesting such instruction all inferences which the jury might reasonably draw, and, in case of conflict, consider that evidence only which is favorable to the party

against whom the instruction is requested, that favorable to the other party being treated as withdrawn. *Lyons* v. *City of New Albany* (1913), 54 Ind. App. 416, 421, 103 N. E. 20; *Matthews* v. *Myers* (1917), 64 Ind. App. 372, 115 N. E. 959; *Gulbranson* v. *Hart* (1929), 90 Ind. App. 171, 168 N. E. 483.

The evidence discloses that appellant's wife was an employee of H. P. Wasson & Company on the date of her injury, and had been such, though not continuously, for approximately five years; that her employer was engaged in business in the City of Indianapolis, and occupied two storerooms, one facing Monument Circle, the other Washington Street in said city, and that the back or rear portions of each of said storerooms abutted Court Street; that said H. P. Wasson & Company contracted with appellees Henry F., Louis C., Carl F., and Louis W. Brandt, a co-partnership doing business under the name and style of Brandt Brothers and Company, to erect a structure over, above, and across said East Court Street connecting the said two storerooms so that the part of the public passageway (East Court Street) lying between the rear doors of the buildings occupied as storerooms would be covered overhead; that the other appellees were sub-contractors employed by Brandt Brothers & Company to do certain parts of the work required in building said structure; that the work of erecting said structure was commenced December 1st, 1927, and fully completed December 6th, 1927, and that thereafter no one of the appellees nor any employee, agent, or servant of any appellee was on or about the premises where the work had been done.

Appellant's wife, at the close of her day's work, while proceeding from the rear entrance of the Monument Circle storeroom to the rear entrance of the storeroom facing Washington Street, when near the last mentioned entrance, was struck on

the head by some missile coming from above, the weight of which, she testified, was similar to that of half a brick, and received injuries by reason thereof, which caused a loss to her husband, the appellant. The wife of the appellant is the only witness who testifies as to how the accident happened; her testimony is that immediately before being struck she heard some one call "watch out" or "look out" and glacing upward she saw a platform and the shadow of one or two men and "it all happened in that instant." The only witnesses who testify as to the date of the accident are appellant, his son, his wife, and the physician who was called to attend the wife after her arrival at home. The first two named fix the date as Thursday, December 8th, 1927, the others as on or about said date; the evidence as to when appellees commenced and completed the work is uncontradicted. Conceding, however, that this evidence as to when appellees were engaged in doing the work could not rightfully be considered by the trial court, because not favorable to appellant, we, on appeal, must determine whether there is any evidence from which the jury, had the cause been submitted to it, might reasonably have concluded that the injury and the loss resulting therefrom, were due to any negligence of the appellees, or any of their servants, as charged in the complaint.

Appellant seeks to invoke the doctrine of *res ipsa loquitur*, contending that he "made out a *prima facie* case of negligence by proof of the injury to appellant's wife and the circumstances surrounding the accident."

In the case of *Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 106 N. E. 365, our Supreme Court, in discussing this question, said: "Undoubtedly there are instances where the proof of negligence sufficient to make out a *prima facie* case may be supplied by a presumption that arises from the occurrence of the injury. But in such cases it must appear that the instrumentality

which inflicted the injury was in the control of the defendant, subject to his use and inspection, and also that the accident was one which in the ordinary experience of mankind would not have happened unless from the negligence of defendant, or that of others for whose negligence he is legally responsible. Where the injury might well have resulted from any one of many causes, the plaintiff, by a fair preponderance of the evidence, must exclude the operation of those causes for which the defendant is under no legal obligation. The thing which causes the injury must be shown to have been under the management of the defendant before the doctrine of *res ipsa loquitur* applies. Indeed, the theory of the law in respect of this doctrine proceeds from the fact that the management or control of that which occasioned the injury is exclusively within the power of the defendant as between him and the plaintiff, and that it works no injustice by requiring him to explain." (Citing Authorities.) See also, *Knoefel* v. *Atkins* (1907), 40 Ind. App. 428, 87 N. E. 600; *Pittsburg, etc., R. Co.* v. *Hoffman* (1914), 57 Ind. App. 431, 107 N. E. 305; *Hines* v. *Rollins* (1932), 97 Ind. App. 251, 179 N. E. 183; *Pittsburgh, etc., R. Co.* v. *Arnott, Admx.* (1920), 189 Ind. 350, 126 N. E. 13.

In the instant case there is no evidence tending to prove that the missile which struck appellant's wife was ever in the possession, or under the control of any of the appellees, or of any servant or employee of either of them. Who the two men were, whose shadow appellant's wife saw just before she was struck, or for whom they were working, is not shown. It does not appear that the injury occurred at a time while appellees, or any of them, or their employees, were engaged in doing any work on the structure built over and across the street, or within the period of time while

the work of erecting such structure was under their management and control.

In the absence of any such evidence the lower court was not required, in the proper discharge of its duty, to submit this case to the jury, and did not err in overruling appellant's motion for a new trial. Judgment affirmed.