KETTNER *v.* JAY

[No. 16,280.    Filed April 15, 1940.]

644

*Elliott & Fell, Conda, Van Atta & Batton,* and *Broo & Holt,* for appellant.

*McClure & Shenk,* and *Browne, Campbell & Gemmill,* for appellee.

CURTIS, J.—This is an action brought by the appellant, Anna Kettner, against the appellee, Mae Belle Jay, seeking to recover damages by reason of personal injuries which she sustained in an automobile accident on January 1, 1935, while riding in the appellee's automobile. Her action is predicated upon the so-called automobile guest statute of Indiana.

The cause was submitted for trial before a jury upon the appellant's second paragraph of complaint to which an answer of general denial was filed.

At the conclusion of all of the evidence and before

the commencement of the argument the appellee filed her written motion for a directed verdict in her behalf. The trial court sustained the motion and instructed the jury to return a verdict in favor of the appellee (defendant) which the jury accordingly did. Judgment was then rendered on the verdict that the appellant take nothing in this action and for costs. The appellant properly reserved her exception to the giving of said instruction. A motion for a new trial was seasonably filed and overruled and this appeal was then prayed and perfected. The error properly assigned that presents the question for review is that the court erred in overruling the motion for a new trial. Said motion contains the cause or ground that the court erred in giving the said peremptory instruction to return a verdict for the appellee.

A determination of the question presented for review requires an examination of the evidence.

It is true as contended for by the appellant that the Constitution of the State of Indiana, Article 1, section 20, provides that "In all civil cases, the right of a trial by jury shall remain inviolate" and that our courts have scrupulously guarded this right against encroachment. *Mesel* v. *Farmers' & Merchants' Bank of Bryant, Indiana* (1932), 95 Ind. App. 33, 178 N.E. 305.

In carrying out this principle, a peremptory instruction directing a verdict,

"... should not be given unless there is a total lack of evidence upon some essential issue, or where there is no conflict in the evidence and it is susceptible of but one inference and that inference is favorable to the party asking the instruction. The court must accept as true all facts which the evidence tends to prove and draw against the party requesting such instruction all inferences which the jury

might reasonably draw, and, in case of conflict, consider that evidence only which is favorable to the party against whom the instruction is requested, that favorable to the other party being treated as withdrawn." *Humble* v. *Brandt* (1934), 98 Ind. App. 399, 401, 402, 189 N. E. 533.

Conceding that the principles of law just stated are correct, this court, however, on appeal must determine whether or not there is any evidence from which the jury, had the cause been submitted to it, could reasonably have decided that the injury and damages complained of were caused by either the intentional act of the appellee or by her reckless disregard of the rights of the appellant as charged in the said second paragraph of the appellant's complaint.

The statute controlling this case is §1, chapter 201, p. 679, Acts of 1929, §47-1021 Burn's R. S. 1933, §11265 Baldwin's 1934, the accident having occurred on the first day of January, 1935. Said statute is as follows:

"No person who is transported by the owner or operator of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator, for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of such owner or operator or caused by his reckless disregard of the rights of others."

This so called automobile guest statute, as originally enacted and as amended has been construed by this court in numerous cases starting with the case of *Coconower* v. *Stoddard* (1933), 96 Ind. App. 287, 182 N. E. 466. See the following cases: *Armstrong* v. *Binzer* (1936), 102 Ind. App. 497, 199 N. E. 863; *Hoeppner* v.

*Saltzgaber* (1936), 102 Ind. App. 458, 200 N. E. 458; *Kraning* v. *Taggart* (1936), 103 Ind. App. 62, 1 N. E. (2d) 689; *Hettmansperger* v. *Hettmansperger* (1937), 103 Ind. App. 632, 5 N. E. (2d) 685; *Johnson* v. *Peddicord* (1938), 105 Ind. App. 71, 10 N. E. (2d) 295; *Sheets* v. *Stalcup* (1938), 105 Ind. App. 66, 13 N. E. (2d) 346; *Blair* v. *May* (1939), 106 Ind. App. 599, 19 N. E. (2d) 490; *Jay* v. *Holman* (1939), 106 Ind. App. 413, 20 N. E. (2d) 656.

The Jay case, supra, decided on the 1st day of May, 1939, was a case growing out of the same automobile accident as in the instant case. The controlling facts are in the main identical. In that case which was venued to and tried in the Clinton Circuit Court before a jury a verdict in the plaintiff's favor against the appellee herein in the sum of $4,000.00 was, by this court, permitted to stand, the judgment upon that verdict being affirmed. Among the errors assigned in that case was the ruling on the motion for a new trial which contained the causes or grounds that the verdict of the jury was not sustained by sufficient evidence and was contrary to law.

The instant case was filed at about the same time as the Jay case, supra, but was venued to and tried before a jury in the Grant Circuit Court with the result heretofore stated. We have taken the pains to examine the transcript of the evidence in the Jay case, supra, and to compare it with the evidence in the instant case. The evidence in the two cases was in the main given by the same witnesses. While there was some variance in their testimony in the two cases, yet the controlling parts of their evidence is much the same. The chief difference in their evidence is noted upon their cross-examinations. Upon

the cross-examinations of two of the witnesses in the instant case, there is an apparent conflict with their examination in chief. In such a case, however, the rule is that the reconciliation of apparent conflicts between the evidence of a witness given on direct and cross-examination is within the rightful province of the court or jury as the case may be. See: *Fisher et al.* v. *Mossman-Yarnelle Co.* (1938), 105 Ind. App. 22, 13 N. E. (2d) 343; *Barr* v. *Sumner* (1915), 183 Ind. 402, 107 N. E. 675, 109 N. E. 193 and the cases cited therein.

The appellant in the Jay case, supra, made the contentions 1st, ''That the evidence does not sustain a finding that the accident in the instant case was caused by the operator's reckless disregard of the rights of others' within the meaning of said phrase as used in said statute'' and 2nd, ''That the evidence does not sustain a finding that the relation of principal and agent existed between appellant and Wilson''. These two contentions were considered and held not to be well founded in the Jay case, supra. The same contentions are the controlling contentions in the instant case. We have not considered it necessary in the instant case to set out the evidence but deem it sufficient to point out that it is substantially the same as the Jay case, supra, upon the said two controlling contentions. We look upon the evidence herein as weak, indeed, upon the said two contentions, but upon the authority of the Jay case, supra, we hold it sufficient to have required the trial court to have permitted the determination of said questions to be made by the jury under proper instructions including a clear instruction to the effect that something more than mere negligence must be shown by the evidence in order to justify a verdict for the plaintiff (ap-

pellant) based upon a reckless disregard of the rights of the plaintiff (appellant).

It follows, therefore, that the trial court erred in giving the peremptory instruction complained of. Judgment reversed with instructions to grant a new trial.