Carol BAUGHER, and Chad Baugher and Antonio Baugher, by their mother, Carol Baugher, as next friend, and Genise Tumbleson, Appellants (Plaintiffs Below),

v.

A. HATTERSLEY & SONS, INC., Appellee (Defendant Below).

No. 3-1281A338.

Court of Appeals of Indiana, Third District.

June 3, 1982.

Rehearing Denied July 14, 1982.

---

John F. Lyons, Charles W. McNagny, Barrett, Barrett & McNagny, Fort Wayne, Ind., for appellants; William F. McNagny, Fort Wayne, Ind., of counsel.

William E. Borror, Carolyn W. Spengler, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, Ind., for appellee.

HOFFMAN, Presiding Judge.

Plaintiffs Carol Baugher and Genise Tumbleson brought suit against A. Hattersley & Sons, Inc., an electrical contracting firm, seeking damages for the negligent hiring of employee Ronald Osborne. A claim was also brought on behalf of Carol Baugher's children, Chad and Antonio, for loss of their mother's care and companionship. It was determined by the trial court, however, that plaintiffs had presented no genuine issue as to any material fact, and it subsequently treated a motion to dismiss previously entered by the defendant as a motion for summary judgment and accordingly directed such judgment in favor of the company. Plaintiffs appeal that determination.

Osborne was hired by A. Hattersley & Sons, Inc., in late 1974, at which time he was on parole for armed robbery. Though the company officers were aware of Osborne's criminal record, they found his job performance above satisfactory. As a result, Osborne steadily progressed from doing menial labor to being in charge of the Hattersley shop. In order for Osborne to meet his additional responsibilities he was given a company vehicle and keys to the business premises.

Osborne's employment apparently continued without incident until the early morning of September 28, 1979. It was on that date that he extended an invitation to Carol Baugher for breakfast after she finished work as a cocktail waitress. Ms. Baugher accepted this invitation provided her sister, Genise Tumbleson, also accompany them. After picking up Ms. Tumbleson in his company vehicle, Osborne told the two women that he needed to stop at his place of employment before going to eat. Osborne then entered the building of A. Hattersley

& Sons, Inc., and took possession of a pistol owned by another employee. Plaintiffs' amended complaint alleges that Osborne subsequently ordered the two women inside the building where he raped and beat them both. It is further alleged that Osborne wounded Ms. Baugher by shooting her and that he then locked both women in a company construction trailer. Appellants contend that they suffered these injuries as the proximate result of the negligence of A. Hattersley & Sons, Inc., in hiring Ronald Osborne and in making the various instrumentalities involved in the perpetration of his acts available to him.

In *Tindall et al. v. Enderle et al.* (1974), 162 Ind.App. 524, at 528, 320 N.E.2d 764, at 767, it was established that "Indiana law recognizes at least a separate cause of action based upon the negligent hiring of an employee." *See also* Restatement (Second) of Agency § 213 (1957). However, this Court noted further that "[t]he general duty here at issue arises from the duty imposed upon an employer who invites the public to his business to use care in the choice of employees expected to deal with customers." *Id.* at 527, note 2, 320 N.E.2d at 766, note 2.

This limitation on the employer's duty was also recognized in *Lange v. B & P Motor Express, Inc.* (N.D.Ind.1966) 257 F.Supp. 319, at 322, in which it was noted that:

"... a close examination of the cases which approve of the rule reveal that special situations may have dictated the result which would entitle the rule to be carefully limited in its application. Repeatedly the same factual pattern emerges: an employer hires a man well-known for his violent temper to perform work which brings him into contact with the public whereupon, at the slightest provocation, the employee intentionally assaults a patron or customer."

The court in *Lange* thus concluded that "the mere existence of the employer-employee relationship does not entitle a third person to seek recovery for injuries inflicted by the employee on the theory of negligence in hiring." *Id.* at 323.

In the instant cause, appellants were neither customers, patrons, nor invitees of A. Hattersley & Sons, Inc. As such they were beyond the scope of the duty owed by the company to the public. Appellants present no persuasive policy consideration which would justify the expansion of that duty.[1]

Appellants further claim that A. Hattersley & Sons, Inc., was negligent in making a vehicle, its premises, and a handgun available to Osborne. Nothing in the record, however, reveals that the company had any part in enabling Osborne to take possession of the pistol. The gun was locked in another employee's desk to which only that employee and Osborne had a key. Osborne's fellow employee, and not the company, issued the desk key to him. Osborne's superiors were unaware that the gun was even in the building. It is apparent, therefore, that the company did not in fact entrust the gun to its employee Osborne. As for providing access to the building and use of a company vehicle, it likewise cannot be said that the company was negligent. The company had no knowledge, actual or constructive, of Osborne's intent to utilize these instrumentalities in the perpetration of criminal acts. This is evidenced by the fact that Osborne had been a stable and competent employee for over four years prior to the incident at issue.

In *Lange, supra*, it was noted that:

"... the law of negligence is concerned with the occasional failure to exercise reasonable and ordinary care. While such failure may subject a person to fi-

---

1. Appellants rely on *Estate of Mathes v. Ireland* (1981), Ind.App., 419 N.E.2d 782, as support for expanding the employer's duty. However, *Mathes* dealt with a custodial situation which is markedly different from the situation in the case at bar. We are not confronted here with a situation where one has taken charge " 'of a third person whom he knows or should know to be likely to cause bodily harm to others.' " *Mathes, supra*, at 784; *see also* Restatement (Second) of Torts § 319.

nancial liability, it was never meant to penalize the wrongdoer. If an employer were subject to liability for negligence in hiring a negligent driver, he would be unwise to retain or employ any driver who had been involved in an accident. This rule of law would thus encourage a practice of refusing to hire drivers with a prior accident record, which not only penalizes the employer, but also all those drivers who, because of some earlier failing, would be unable to find work. The law has never been so harsh to the negligent."

257 F.Supp. 319, at 325.

Holding A. Hattersley & Sons, Inc., negligent in the case at bar would, by analogy, penalize those employers that hire persons with criminal histories by in effect holding them absolutely liable for the actions of those employees. In comparison with the employee-driver situation addressed in *Lange*, the result urged by appellants would be equally harsh.

In *Petroski v. NIPSCO* (1976), 171 Ind. App. 14, at 19, 354 N.E.2d 736, at 741, it was held that "the question of whether the law recognizes a duty flowing from the defendant to a particular plaintiff is a question of law for the trial court." Having found A. Hattersley & Sons, Inc., to owe no duty to Carol Baugher and Genise Tumbleson in the situation at issue, it was therefore proper for the trial court to grant summary judgment. Ind.Rules of Procedure, Trial Rule 56(C).

■ Finally, appellants argue that it was error for the trial court to treat defendant's motion to dismiss as a motion for summary judgment without granting plaintiffs a reasonable opportunity to present additional material in opposition thereto. In *Carrell v. Ellingwood* (1981), Ind.App. 423 N.E.2d 630, at 634, this Court addressed that issue by holding that:

"... where a court treats a motion to dismiss under T.R. 12(B)(6) as a motion for summary judgment under T.R. 56, as

here exists, a slightly different circumstance is posed and a different rule is invoked. T.R. 12(B)(8) requires the court, in such circumstances, to grant the parties 'a reasonable opportunity to present all material made pertinent to such a motion by Rule 56.' Failure to do so is reversible error. *Foster v. Littell*, (1973) 155 Ind.App. 627, 293 N.E.2d 790. *Foster* possessed the same procedural posture as exists here. In that case the matters presented outside the pleadings consisted of an affidavit filed by plaintiff Foster in opposition to defendant Littell's motion to dismiss under T.R. 12(B)(6). The court did not exclude the affidavit, but treated the motion as one for summary judgment under T.R. 56. However, such treatment of the motion was first announced to the parties in the court's ruling on the motion adversely to Foster, and no opportunity was afforded Foster to 'present all material made pertinent to such motion by Rule 56.' This court held that such omission was reversible error."

In the present case, it indeed appears that appellants similarly were first apprised of the trial court's treatment when it rendered its ultimate decision. However, appellants made no mention of this issue in their motion to correct errors[2] and the issue is accordingly waived. Ind.Rules of Procedure, Trial Rule 59(D), and Ind.Rules of Procedure, Appellate Rule 8.3(A)(7).

The judgment of the trial court is therefore affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.

2. Nor was this procedural issue mentioned in a six-page memorandum attached to plaintiffs'

motion to correct errors.