Susan O'Halloran **LEVINSON** and Valerie Anne O'Halloran, Appellants–Plaintiffs,

v.

The **CITIZENS NATIONAL BANK OF EVANSVILLE**, Appellee–Defendant.

No. 26A05–9304–CV–145.

Court of Appeals of Indiana, Fifth District.

Aug. 16, 1994.

Transfer Denied Dec. 30, 1994.

D. Timothy Born, Fine & Hatfield, Evansville, for appellant.

Robert T. Bodkin, Douglas W. Patterson, Bamberger, Foreman, Oswald and Hahn, Evansville, for appellee.

RUCKER, Judge.

This interlocutory appeal arises from a dispute between the parties concerning a certain asset of a trust, namely a parcel of real estate. As Trustee, defendants/appellees The Citizens National Bank of Evansville (Bank) sold the real estate and plaintiffs/appellants Susan O'Halloran Levinson and Valerie Anne O'Halloran (Trust Beneficiaries) filed suit. The case proceeded to trial by jury and ended in a mistrial. Thereafter, Trust Beneficiaries amended their complaint to include a claim of intentional interference with civil litigation and a claim of negligent retention and supervision. On motion by Bank, the trial court entered an order dismissing the additional claims and striking Trust Beneficiaries' demand for jury trial. We address the following issues:

1. Whether the trial court erred in striking Beneficiaries' demand for a jury trial?
2. Whether the trial court erred in holding that Indiana law does not recognize the tort of Intentional Interference with Civil Litigation?
3. Whether the trial court erred in holding that Beneficiaries failed to state a claim for negligent retention and supervision?

We affirm in part and reverse in part.

Susan O'Halloran Levinson and Valerie Anne O'Halloran are the daughter and granddaughter respectively of Lina B. O'Halloran. On May 9, 1983, Lina B. O'Halloran died leaving a trust administered by Bank. There are numerous trust beneficiaries including Susan O'Halloran Levinson, the income beneficiary, and Valerie Anne O'Halloran, a contingent remainderman beneficiary. At one point the trust res included a 28.22 acre parcel of real estate located in Vanderburgh County, Indiana. After Bank sold the parcel Trust Beneficiaries filed suit claiming the property was sold over their objection and at a price of approximately $14,000.00 less than its fair market value. According to Trust Beneficiaries the Bank sold the property to a particular group of purchasers for the sole purpose of taking advantage of an opportunity to engage in other business ventures with one of the purchasers. Trust Beneficiaries also allege that Bank depleted the trust corpus by overpaying capital gains tax in the amount of $25,428.29 and by using more than $52,000.00 in attorneys' fees and costs to defend itself in this lawsuit.

The case ultimately proceeded to trial by jury on August 3, 1992.[1] During the lunch recess on the fifth day of trial, the trial judge was eating at a local restaurant. An attorney who had acted as counsel for Bank's Trust Department in another trust matter engaged the trial judge in conversation. During the conversation the attorney related information regarding a breach of trust allegation filed against the Bank by beneficiaries of another trust. After returning to the courtroom, the trial judge informed the parties of the general subject matter of the noontime conversation, but stated that if questioned further he would recuse himself from the case and declare a mistrial. Bank questioned the judge, the judge declared a mistrial.

After the parties selected a special judge to preside over the retrial, Bank renewed its motion to strike the jury demand. The trial court granted the motion. Thereafter, Trust Beneficiaries filed an amended complaint adding two new counts. Count II alleged that Bank intentionally interfered with the first trial by engaging the trial judge in an ex parte conversation which resulted in a mistrial. Count III alleged the negligent retention and supervision of the Bank employee who supervised the O'Halloran Trust. On motion by Bank the trial court dismissed Beneficiaries' additional claims for failure to state a claim upon which relief could be granted. This interlocutory appeal ensued in due course.

I.

Trust Beneficiaries first contend the trial court erred in striking their demand for jury

---

1. The trial judge denied Bank's motion to strike Trust Beneficiaries' request for jury demand.

trial. According to Trust Beneficiaries they are entitled to trial by jury on all legal issues raised in their complaint although the complaint also includes equitable issues. Bank counters that Trust Beneficiaries are not entitled to a jury trial for two reasons: (1) their essential claim is based in equity, and (2) the alleged legal claims stem directly from the equitable claim.

■ We first observe that the right to a jury trial is immemorial and is a fundamental right in our democratic judicial system. *Hiatt v. Yergin* (1972), 152 Ind.App. 497, 284 N.E.2d 834. Indeed, Article I § 20 of our State Constitution provides, "In all civil cases the right of trial by jury shall remain inviolate." Our courts have scrupulously guarded this right against encroachment. *Kettner v. Jay* (1940), 107 Ind.App. 643, 26 N.E.2d 546. However, the law is well settled that a plaintiff is not entitled to a jury trial when claiming a cause in equity. *Stacey–Rand, Inc. v. J.J. Holman, Inc.* (1988), Ind.App., 527 N.E.2d 726, *reh'g denied.* If any essential part of a cause of action is equitable, then the rest of the case is drawn into equity and the whole is tried by the court. *Jones v. Marengo State Bank* (1988), Ind.App., 526 N.E.2d 709, 713. As our supreme court has noted "[w]henever the cause of action is one that can only be enforced by invoking the equitable powers of the court, then the right of trial by jury does not maintain; but if the cause of action does not depend on the equity jurisdiction of the court, then a jury trial may be demanded." *Martin v. Martin* (1889), 118 Ind. 227, 237, 20 N.E. 763, 768. *See also* Indiana Trial Rule 38(A).

■ A direct and continuing trust is a creature of equity. *Mack v. American Fletcher Nat'l Bank* (1987), Ind.App., 510 N.E.2d 725, 736, *trans. denied.* Thus, an action for breach of a trust agreement is generally a matter properly triable to the bench without the intervention of a jury. However, this general proposition is not set in concrete. Where an action contains mixed issues of fact, the court must examine the complaint and pleadings as a whole to determine if the action sounds in equity or in law. *Hiatt,* 284 N.E.2d at 834. "[W]e must look to the complaint, the rights and interest in-

volved, and the relief demanded." *Id.,* 284 N.E.2d at 846.

In this case the complaint alleges that Bank sold the real estate for less than fair market value, thus breaching its duty as trustee. Further, the complaint alleges that Bank sold the property in order to profit from proceeds of the loan and for the opportunity to engage in unrelated business ventures with the purchasers. The complaint also alleges Bank overpaid capital gains taxes on the sale and has on a continuing basis extracted money from the Trust for attorneys' fees to defend itself in this litigation. In addition, Trust Beneficiaries allege intentional interference with civil litigation and negligent retention, both of which are discussed below.

■ Trust Beneficiaries' action contains elements of both law and equity. However, the main theory outlined by the facts pleaded is one for damages. Specifically, the complaint seeks compensatory damages and punitive damages both of which are legal remedies. It is significant that the complaint makes no mention of such remedies as specific performance, accounting, injunction, or replenishment of trust corpus. All of which are matters of equity. As we observed in *Mack,* "[i]t is the *remedy* we must look to, not the *injury,* for determining whether law or equity will apply," 510 N.E.2d at 737 (emphasis in the original). Because Trust Beneficiaries are seeking money damages, we deem the claims against Bank for alleged breaches of trust as well as alleged tortious conduct arising therefrom to be actions at law rather than equity. Thus, Trust Beneficiaries are entitled to have their claims tried by a jury. The trial court's ruling to the contrary is erroneous and must be reversed.

## II.

■ The trial court dismissed Trust Beneficiaries' amended complaint alleging intentional interference with civil litigation on grounds that it failed to state a claim upon which relief can be granted. *See* Ind. Trial Rule 12(B)(6). Citing *Murphy v. Target Products* (1991), Ind.App., 580 N.E.2d 687, 690, *trans. denied,* Trust Beneficiaries con-

tend that this state recognizes the tort of intentional interference with civil litigation and thus the trial court erred in dismissing their claim.

We first observe that the tort of intentional interference with civil litigation has been recognized in only four other jurisdictions, and then only in a limited context, namely: (1) destruction of evidence which has been called "spoliation of evidence," *see Smith v. Superior Court* (1984), 151 Cal.App.3d 491, 198 Cal.Rptr. 829, *reh'g denied; Bondu v. Gurvich* (1984), Fla.Dist.Ct.App., 473 So.2d 1307, *reh'g denied; Hazen v. Municipality of Anchorage* (1986), Alaska, 718 P.2d 456; and (2) "concealment of evidence," *see Viviano v. CBS, Inc.* (1991), Ct.App.Div., 251 N.J.Super. 113, 597 A.2d 543, *certif. denied,* (1992), 127 N.J. 565, 606 A.2d 375.

The only case in this jurisdiction addressing the question of interference with civil litigation is *Murphy,* 580 N.E.2d at 687. In that case plaintiff Murphy filed a products liability action against the manufacturer of an allegedly defective power saw. Murphy later amended his complaint to include an action against his employer for spoliation of evidence arising out of the manufacturer's failure to preserve the allegedly defective saw. On motion by the manufacturer, the trial court dismissed the amended complaint for failure to state a claim upon which relief could be granted. On review we affirmed the trial court's ruling. In so doing we held:

> "Carefully considering the issue, we conclude that in Indiana there is no common law duty on the part of an employer, to preserve for an employee, potential evidence in an employee's possible third party action. We therefore hold that at least in the absence of an independent tort, contract, agreement, or special relationship imposing a duty to the particular claimant, the claim of negligent or intentional interference with a person's prospective or actual civil litigation by the spoliation of evidence is not and ought not be recognized in Indiana."

*Id.* at 690. Thus, although Indiana recognizes the tort of intentional interference with civil litigation, it does so only with respect to spoliation or destruction of evidence, and then only under very specific circumstances.

Trust Beneficiaries counter that tort law continues to evolve and should be applied to the specific facts of this case. They argue that the touchstone of any tort is a determination of whether a defendant owes a plaintiff a duty of reasonable care. Thus, the argument continues, "[Trust Beneficiaries'] interest as a litigant, in a fair and just jury trial, free of any effort by [Bank] to interfere with, impede, or otherwise obstruct that trial by obtaining a mistrial to avoid an adverse jury verdict, is entitled to legal protection." *Brief of Appellant* at 21. Trust Beneficiaries overstate their case. The question here is whether parties to a lawsuit owe to each other a common law duty to refrain from causing a mistrial. We find no authority supporting such a duty. The most analogous cases are those involving "malicious defense" where a plaintiff has sought to pursue a claim against a defendant for alleged wrongful conduct in the defense of a lawsuit. As the court observed in *Ritter v. Ritter* (1943), 381 Ill. 549, 46 N.E.2d 41, 44:

> Under our jurisprudence the defendant may present any defense to such action that he may have or that he may deem expedient, and in doing so he will not be subjecting himself to a second suit by the plaintiff based on the wrongful conduct of the defendant in causing the plaintiff to sue him or in defending the action. The rule is the same even though the wrongful conduct of the defendant is willful, intentional, malicious or fraudulent.

We find the foregoing language instructive and applicable here. Opposing parties to a lawsuit are entitled to zealous advocacy and have a right to engage in a vigorous prosecution or defense as the case may be. During the course of a trial the vigorousness displayed by either side may result in conduct, intentional or unintentional, requiring the judge to declare a mistrial. *See e.g., Dale v. Trent* (1970), 146 Ind.App. 412, 256 N.E.2d 402 (error not to declare mistrial where plaintiff's attorney disclosed nature and contents of evidence and exhibits to the jury, after the court had refused its admission); *White v. State* (1971), 257 Ind. 64, 272 N.E.2d

312 (error not to declare mistrial where State's witness testified to evidence concerning another pending criminal charge of defendant); *Baker v. State* (1987), Ind., 506 N.E.2d 817 (error not to declare mistrial where polygraph offered into evidence by State's witness, contrary to motion in limine). However, neither party will be subject to a second lawsuit based on the alleged wrongful conduct. Trying a case is often a mental as well as physical challenge requiring attention to every detail. The parties should not have the additional burden of worrying whether an improper question or answer or some other event will inspire another round of litigation. The trial court properly dismissed Trust Beneficiaries' amended complaint alleging intentional interference with civil litigation on grounds that it failed to state a claim upon which relief can be granted. We find no error.

### III.

Finally, Trust Beneficiaries argue the trial court erred in dismissing Count III of their amended complaint alleging Bank's negligent retention and supervision of a trust officer. This count was also dismissed on grounds that it failed to state a claim upon which relief can be granted.

When reviewing a dismissal under Ind. Trial Rule 12(b)(6) our standard of review is well settled. We view the pleadings in the light most favorable to the nonmoving party, and we draw every reasonable inference in favor of that party. *Lincoln National Bank v. Mundinger* (1988), Ind.App., 528 N.E.2d 829. We will not affirm a dismissal under T.R. 12(B)(6) unless it is apparent that the facts alleged in the challenged pleadings are incapable of supporting relief under any set of circumstances. *Ivey v. Massachusetts Bay Ins. Co.* (1991), Ind.App., 569 N.E.2d 692.

Indiana has long recognized a cause of action for negligent hiring and retention of an employee. *See e.g., Pittsburgh, Ft.W., & C. Ry. Co. v. Ruby* (1871), 38 Ind. 294; *Tindall v. Enderle* (1974), 162 Ind.App. 524, 320 N.E.2d 764; *Shipley v. City of South Bend* (1978), 175 Ind.App. 464, 372 N.E.2d 490; *Baugher v. A. Hattersley & Sons, Inc.* (1982),

Ind.App., 436 N.E.2d 126; *Briggs v. Finley* (1994), Ind.App., 631 N.E.2d 959. In order to prevail on this theory, the plaintiff must show that the defendant employer negligently retained an employee who the defendant knew was in the habit of misconducting himself. *Fields v. Cummins Employees Fed. Credit Union* (1989), Ind.App., 540 N.E.2d 631, 636, citing *Restatement (Second) of Torts* § 317.

Citing *Tindall,* Bank counters that because it has stipulated that the trust officer was acting within the scope of his employment when engaged in the acts complained of, Trust Beneficiaries have no grounds for relief. We disagree. In *Tindall,* we indeed held that a separate cause of action for the negligent hiring of an employee is of no value where the employer has stipulated that his employee was acting within the scope of employment. *Tindall,* 320 N.E.2d at 768. This is so because the doctrine of *respondeat superior* provides the vehicle for recovering damages resulting from acts of negligence committed by an employee acting within the scope of employment. *Id.* Thus, where the employer stipulates that the employee was acting within the scope of his employment, then upon proof of negligence and damages, the plaintiff has successfully carried his burden of proof against the alleged negligent employer's employee. *Id.* Proof of additional elements of negligent hiring under such circumstances would not be relevant to the issues in dispute, would be wasteful of the court's time, and may be unnecessarily confusing to the jury. *Id.* However, where the plaintiff is seeking an assessment of punitive damages then a separate cause of action for negligent hiring of an employee is of great value. "The sole possible advantage to the pursuit of a negligent hiring theory in cases such as that before us would be the potential assessment of punitive damages." *Id.*

In their complaint Trust Beneficiaries allege that Bank assigned a particular trust officer to manage the O'Halloran Trust when it knew the officer was not capable of performing the tasks. According to Trust Beneficiaries, similar complaints of breach of trust

were raised with regard to another trust which the officer had supervised. The complaint seeks compensatory as well as punitive damages. Beneficiaries have stated a claim for negligent retention and supervision of an employee. The trial court's dismissal of the claim was therefore erroneous and must be reversed.

Judgment affirmed in part and reversed in part.

RILEY, J., concurs.

BARTEAU, J., concurs in part and dissents in part with separate opinion.

BARTEAU, Judge, concurring in part and dissenting in part.

I concur with parts I and III, but dissent to part II. I believe that Trust Beneficiaries have stated a claim upon which relief can be granted for intentional interference with civil litigation.

The majority concludes that the parties to a lawsuit do not owe each other the duty to refrain from causing a mistrial, drawing an analogy to "malicious defense" cases. The analogy is not appropriate. In *Ritter v. Ritter* (1943), 381 Ill. 549, 46 N.E.2d 41, the case relied upon by the majority, the plaintiffs had successfully sued the defendant to recover title to certain property. Subsequently, the plaintiffs brought an action against the defendant to recover for the loss of time, lawyer's fees and other expenses incurred in the prior litigation. The plaintiffs alleged that those were damages proximately caused by the defendant's wrongful conduct because the plaintiffs were forced to engage in litigation to recover their property. In rejecting this claim, the Supreme Court of Illinois noted that the defendant had the right to resist the plaintiffs's claim to the property and that if

> in the process of the procedure necessary to the establishment of plaintiff's [sic] claims, they were compelled to employ the services of lawyers and incur other expenses it was but an incident attached to the asserting and enforcement of their right to have their property conveyed to them, and defendant's conduct in withholding the title until compelled by litigation to surrender does not constitute a breach of

any duty he owed plaintiffs for which a separate action can be maintained.... If the wrongful conduct of a defendant causing the plaintiff to sue him would give rise to an independent tort and a separate cause of action, there would be no end to the litigation, for immediately upon the entry of judgment the plaintiff would start another action against the defendant for his attorney fees and expenses incurred in obtaining the preceding judgment.

*Id.* at 554, 46 N.E.2d at 44.

The case before us does not involve a request for the attorney fees and expenses arising from the need to litigate a case because the defendant, within its rights, resisted the plaintiffs's claims. Rather, this case is premised on the claim that defendant intentionally caused a mistrial, thereby damaging the plaintiff to the extent that the plaintiff had to incur *additional* attorney fees and expenses to try the case again. This is not an incidental expense attached to the enforcement of a right in the first instance, as was the case in *Ritter*. Nor is *intentionally* causing a mistrial, the conduct alleged here, within the realm of conduct which we should label zealous or vigorous representation of a client, as suggested by the majority. The conduct of Bank alleged by Trust Beneficiaries is, pure and simple, a form of obstruction of justice.

In *Smith v. Superior Court* (1984), 151 Cal.App.3d 491, 198 Cal.Rptr. 829, a "spoliation of evidence" case, the California Court of Appeals allowed the plaintiffs to bring a cause of action for intentional interference with prospective civil litigation. While it is not entirely clear from the court's opinion, it appears that the intentional interference action was included in the plaintiffs's complaint for personal injury. At any rate, it is clear that the underlying personal injury action had not yet gone to trial. In that case, the plaintiffs were injured when the tire on a van flew off and crashed into their windshield. After the accident, the van was towed to the defendant, the van dealer that had customized the van with "deep dish mag wheels." The defendant agreed with plaintiffs to maintain the physical evidence, pending further investigation. The defendant subsequently

lost, destroyed or transferred the evidence, making it impossible for the plaintiffs's experts to inspect the parts in order to determine what caused the wheel to come off. In allowing the plaintiff to bring the cause of action, the court emphasized that the underlying personal injury claim had not yet gone to trial; thus, the need to have an end to litigation and to avoid relitigation of matters already adjudicated was not a concern. *Id.* at 498, 198 Cal.Rptr. at 834.

The court also rejected an argument that spoliation of evidence is a form of obstruction of justice, like false testimony and perjury, and because perjury and false testimony are not answerable in civil actions, neither should be spoliation of evidence. While acknowledging that spoliation of evidence was a form of obstruction of justice, the court noted that destruction of the evidence occurred *before* the trial ever began and the plaintiffs were seeking compensation for destruction of evidence to be used in the forthcoming litigation. *Id.* at 499, 198 Cal.Rptr. at 835. Implicit in this distinction is the recognition that allowing a civil cause of action for perjury would result in a *second* litigation of the previously litigated case, a concern not present with the spoliation of evidence cause.

Additionally, perjury and false testimony generally do not support a civil action for the reason that "an absolute privilege for words spoken in the course of a judicial proceeding was thought necessary to promote testimonial candor by shielding witnesses from fear of subsequent civil suits; criminal penalties were deemed sufficient sanctions against perjury." *Viviano v. CBS, Inc.* (1991), 251 N.J.Super. 113, 124–25, 597 A.2d 543, 549, *certif. denied* 127 N.J. 565, 606 A.2d 375 (1992). In *Viviano,* the court refused to treat concealment of evidence by a party similar to perjury because "immunizing the willful destruction or concealment of evidence would not further the policy of encouraging testimonial candor." *Id.* at 126, 597 A.2d at 550.

Similarly, in *Henry v. Deen* (1984), 310 N.C. 75, 310 S.E.2d 326, the plaintiff, administrator of decedent's estate, filed a medical malpractice complaint against several physicians and included a count for civil conspiracy based on plaintiff's allegations that the defendant-physicians conspired to alter medical records and to prevent the plaintiff from discovering the negligent acts of two of the defendants. The Supreme Court of North Carolina held: "Where, as alleged here, a party deliberately destroys, alters or creates a false document to subvert an adverse party's investigation of his right to seek a legal remedy, and injuries are pleaded and proven, a claim for the resulting increased costs of the investigation will lie." *Id.* at 88, 310 S.E.2d at 334–35.

Likewise, here, allowing Trust Beneficiaries to bring an action for intentional interference with civil litigation will not result in a relitigation of matters already litigated. The underlying cause of action has not yet been litigated because the first trial resulted in a mistrial. The interference with civil litigation claim will be litigated in the course of the new trial made necessary by the mistrial. Also, unlike perjury, immunizing Bank's conduct here, assuming Trust Beneficiaries prove their allegations, would not further the policy of encouraging testimonial candor. In short, the reasons for not allowing a cause of action for other types of interference with civil litigation do not apply here. Finally, I have no problem recognizing that the parties to a lawsuit owe each other the duty to refrain from intentionally causing a mistrial under the facts as alleged here. The basis of this duty comes from the policy against parties deliberately frustrating and causing undue expense to adverse parties as exemplified in the trial rules and common law. *See e.g.* Ind. Trial Rule 37 (providing for award of attorney fees and expenses when party successfully moves for order compelling discovery); *United Farm Bureau Mut. Ins. Co. v. Ira* (1991), Ind.App., 577 N.E.2d 588, *trans. denied* (inconvenience and frustration suffered by aggrieved party are proper elements of damages in contempt proceeding); *see also Henry,* 310 N.C. 75, 310 S.E.2d 326.

Trust Beneficiaries have sufficiently stated a claim upon which relief can be granted for intentional interference with civil litigation.