Saul M. STEVENS, Appellant–Defendant,

v.

Shirley OLSEN, Appellee–Plaintiff.

No. 84A01–9810–CV–380.

Court of Appeals of Indiana.

July 8, 1999.

**890**

**OPINION**

STATON, Judge

Following a jury trial, Saul M. Stevens appeals from a verdict entered against him. Stevens raises two issues for our review, which we restate as:

I. Whether the trial court erred by allowing a rescission of contract action to be tried to a jury.

II. Whether the trial court erred by denying Stevens' motion for summary judgment.

We reverse in part, affirm in part and remand.

Stevens owned the assets and inventory of a bar that he operated. Stevens did not own the building in which the bar was located. In July 1992, Shirley Olsen offered to purchase the assets from Stevens for $60,000 plus the cost of inventory. Olsen and Stevens executed a purchase agreement on July 22, 1992, which was subject to Olsen being able to lease the building where the bar was located for five years at $300 per month. Olsen paid $1,000 earnest money at that time. On August 19, 1992, Stevens and Olsen closed the transaction and signed a contract entitled "Agreement for the Sale of Business" ("Agreement"). The Agreement did not contain any language regarding the lease of the building, which Olsen had not procured as of the closing date. Olsen paid $29,000 at the time of closing, plus $2,000 for the inventory, and the Agreement provided that she would pay the remainder of the purchase price in monthly installments of $608.29 for five years.

Following the closing, Olsen took over operation of the bar. After negotiations with the owner of the building, Olsen was unable to obtain a five year lease at $300 per month.[1] Without a lease, Olsen was unable

---

1. Although Olsen could not get a lease with the terms she desired, the owner of the building was willing to enter into a lease agreement with a higher monthly payment. However, a draft of that lease was not delivered to Olsen until December 1992, well after she had closed the bar.

to transfer the liquor license. Thus, in September 1992, Olsen closed the bar.[2] In March 1993, Stevens retook possession of the assets and inventory that had passed to Olsen under the Agreement. Olsen brought an action for rescission of the contract, seeking return of the money she had paid to Stevens. The jury found in favor of Olsen, awarding her $32,000 plus interest. Stevens appeals.

## I.

### Trial by Jury

■ Stevens contends that the trial court erred by allowing Olsen's action for rescission of contract to be tried to a jury.[3] Under Ind. Trial Rule 38(A), "Issues of law and issues of fact in causes that prior to the eighteenth day of June, 1852, were of exclusive equitable jurisdiction shall be tried by the court; issues of fact in all other causes shall be triable as the same are now triable." The right to a jury trial is determined by reference to the essential character and nature of the claim for relief sought, which in turn, can be determined by the pleadings. *Howell v. State Farm Fire and Casualty Co.*, 530 N.E.2d 318, 319 (Ind.Ct.App.1988). In Olsen's complaint, her requested relief was rescission of the contract. As of June 18, 1852, an action for rescission of a contract was of exclusive equitable jurisdiction. Thus, rescission is an equitable remedy and must be tried by the court. *Fish v. Prudential Ins. Co. of America*, 225 Ind. 448, 75 N.E.2d 57, 59 (Ind.1947), *reh. denied.*

■ Olsen's basis for her request for a jury trial was that she was seeking money damages, specifically the $32,000 she had paid as consideration for the assets and inventory of the bar, and that the determination of money damages is a function for the jury. In support of her argument, Olsen relies on this court's decision in *Levinson v. Citizens Nat'l Bank of Evansville*, 644 N.E.2d 1264 (Ind.Ct.App.1994). In *Levin-*

*son*, we held that plaintiffs who were seeking compensatory and punitive damages for a breach of trust were entitled to have a jury determine their damages, despite the fact that an action for breach of trust is of equitable jurisdiction. *Id.* at 1267. However, Olsen's reliance on *Levinson* is misplaced. The remedy sought by Olsen in this action, rescission of the contract, does not contemplate compensatory or punitive damages. If a party seeks to rescind a contract, she "may not recover general damages, but is only entitled to be returned to the status quo, which usually necessitates a return of money or other things received or paid under the contract[.]" *Hart v. Steel Products, Inc.*, 666 N.E.2d 1270, 1275 (Ind.Ct.App.1996), *trans. denied* (internal quotations omitted). Thus, Olsen's remedy is not money damages, but the return of the consideration that she paid to Stevens under their contract. Olsen is not entitled to have a trial by jury in this equitable action and the trial court erred by allowing a jury to decide this case. We reverse and remand for a bench trial.[4]

## II.

### Summary Judgment

■ Stevens contends that the trial court erred by denying his motion for summary judgment. When reviewing the denial of summary judgment, we use the same standard used by the trial court. *Ramon v. Glenroy Construction Co., Inc.*, 609 N.E.2d 1123, 1127 (Ind.Ct.App.1993), *trans. denied.* Summary judgment is appropriate only when the evidentiary matter designated by the parties shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Id.*; Ind. Trial Rule 56(C). The movant bears the burden of establishing the propriety of summary judgment, and all facts and inferences to be drawn therefrom are

---

2. In September 1992, Olsen asked Stevens to rescind the contract; however, Stevens refused.

3. After Olsen made a request for a jury trial, Stevens filed a motion to strike the jury trial demand. The trial court denied Stevens' motion and granted Olsen's request for a jury trial.

4. Because Stevens' motion for summary judgment is not affected by whether the action is tried to a jury or to the bench, we will proceed to address that issue.

viewed in a light most favorable to the non-movant. *Ramon,* 609 N.E.2d at 1127.

■ Stevens argues that the trial court erred by denying his motion for summary judgment because the Agreement signed by the parties on August 19, 1992 embodied the terms of the contract, and Olsen is not entitled to rescission of the contract based on Olsen's failure to obtain a lease. While we agree with Stevens that the terms of the contract between the parties is embodied in the Agreement, we do not agree that the trial court erred by denying Stevens' motion for summary judgment. The Agreement provided that if through no fault of Olsen's, the liquor license was unable to be transferred, the parties would rescind the contract. There is a question of fact as to whether it was Olsen's fault that the liquor license could not be transferred. Further, there is a question of fact as to whether Stevens' repossession of the assets and inventory in March 1993 was an act indicating his agreement to rescind the contract. *See Lindenborg v. M & L Builders and Brokers, Inc.,* 158 Ind. App. 311, 302 N.E.2d 816, 823 (Ind.Ct.App. 1973) (holding that requisite mutual consent to rescission may be evidenced by acts of the parties, and even a party without right may rescind a contract if the other party permits the rescission to occur). For these reasons, we hold that there remain genuine issues of material fact to be determined by the trial court. Thus, the trial court did not err by denying Stevens' motion for summary judgment.

Reversed in part, affirmed in part and remanded.

FRIEDLANDER, J., concurs.

BAILEY, J., dissents with separate opinion.

BAILEY, Judge dissenting,

I respectfully dissent. I agree that Olsen was not entitled to a jury trial of right under Ind. Trial Rule 38(A) with respect to her application for the equitable remedy of rescission. However, I do not believe that the extreme remedial action prescribed by the majority, reversal of the judgment and remand for a bench trial, is warranted under the present circumstances.

In any case upon which there is no right to trial by jury as of right, the court may nevertheless submit any or all of such issues to a jury for trial. Ind. Trial Rule 39(B). In such cases the verdict shall be advisory unless both parties consent that the verdict shall have the same effect as if a trial by jury had been a matter of right. *Id.* The decision of whether to utilize an advisory jury is left to the trial court's discretion, which will be reversed only for a manifest abuse thereof. *McClamroch v. McClamroch,* 476 N.E.2d 514, 520 (Ind.Ct.App.1985).

In *Central National Bank of Greencastle v. Shoup,* 501 N.E.2d 1090, 1098 (Ind.Ct.App. 1986), we upheld the trial court's entry of judgment consistent with the verdict of an advisory jury where the record demonstrated that the trial court was aware of the respective roles of the advisory jury and the court and its findings revealed that it did not treat the jury verdict as one from a non-advisory jury. We noted that the mere fact that the trial court's judgment was consistent with the advisory jury's verdict did not make that judgment suspect. *Id.* In fact, Ind. Trial Rule 39(D) provides that the trial court is not required to submit findings of fact to the extent that its decision follows the verdict of an advisory jury. *Id.*

In the present case, unlike *Central National Bank,* it would appear that the trial court improperly utilized the jury as non-advisory and entered judgment on the verdict. Nevertheless, a new trial is not necessary or warranted here. *But see, Farmers Bank and Trust Co. v. Ross,* 401 N.E.2d 74, 76 (Ind.Ct.App.1980) (holding that complaining party need not show prejudice to obtain reversal where the trial court did not treat the jury as advisory). In the interest of judicial economy, I would remand with instructions that the trial court treat the jury verdict as merely advisory and enter findings and judgment pursuant to Ind. Trial Rules 52(A) & 58.