**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 21 2012, 9:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SEAN M. SURRISI**
Anderson, Agostino & Keller, P.C.
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**BRIAN M. KUBICKI**
**TIMOTHY W. WOODS**
**J. THOMAS VETNE**
Jones Obenchain, LLP
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

SALLY G. LEONARD and                    )
INDIANA FARM BUREAU INSURANCE,          )
As Subrogee of Sally G. Leonard,        )
                                        )
    Appellants-Plaintiffs,      )
                                        )
      vs.                     )   No. 71A03-1110-CT-483
                                        )
BRANDON VICKERS, and                    )
WEAVER HEATING & COOLING, INC.,         )
                                        )
    Appellees-Defendants.       )
                                        )

APPEAL FROM THE ST. JOSEPH CIRCUIT COURT
The Honorable David P. Matsey, Senior Judge
Cause No. 71C01-1008-CT-95

**May 21, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Sally Leonard appeals the trial court granting a motion to strike a document from designated evidence for lack of authentication and granting summary judgment in favor of Brandon Vickers and Weaver Heating & Cooling, Inc. (Weaver). She argues that the Nexstar Contractor Code of Ethics (Code) was properly authenticated and that there are genuine issues of material fact about whether Weaver was negligent in its hiring, retention, and supervision of Vickers. Finding that the Nexstar Code of Ethics was not properly authenticated and that there is no genuine issue of material fact that Weaver was not negligent, we affirm.

## Facts and Procedural History

Weaver is an Indiana corporation owned by Jeffery Ness that is in the business of selling, installing, and maintaining heating and air conditioning equipment to residential customers. Weaver is also a member of the Nexstar industry trade group. Tr. p. 6. Weaver hired Vickers on September 1, 2008, as a heating, ventilating, and air conditioning technician and installer. The hiring process consisted of Vickers filling out an application and interviewing with Ness. The application contained no questions asking about Vickers' past criminal history, and Ness did not inquire about a past criminal history during the interview – he only asked about past driving offenses, which included a DUI in May 2008. Appellant's App. p. 83. As a result, Ness was unaware that Vickers had a conviction from Alabama in 1998 for Negative Worth of a Negotiating Instrument when he bounced a check for $4.70. *Id.* at 36.

2

During the first week of Vickers' employment, Ness accompanied him on service calls, but that was the extent of his supervisory period. *Id.* at 108. On May 12, 2009, Vickers went on his own to Mike Wertenberger's home for a semi-annual maintenance appointment for his HVAC system. Vickers told Wertenberger that his air conditioner needed five to six pounds of coolant and that there was a coil leak. *Id.* at 131-32. Vickers said that he did not want to put that much coolant in the system if it was just going to leak out so that it would be best to replace the unit. *Id.* Vickers also told Wertenberger that his furnace's heat exchanger was cracked and would need replacement. *Id.* at 132. Vickers' proposal to replace both the air conditioner and the furnace was a total of $8698.49. In addition to Vickers' salary, he also received a commission for sales of HVAC units. Wertenberger told Vickers that he wanted to think about the proposal.

Wertenberger contacted other HVAC companies who inspected his HVAC system and advised him that neither his furnace nor air conditioner needed to be replaced, there was no leak in the air conditioner coil, and Vickers had pulled the disconnect behind the air conditioner in order to disable the unit. *Id.* at 130. Vickers told Ness that he disconnected the air conditioner when he was working on it and never reconnected it because it was broken, following company protocol. *Id.* at 108. Wertenberger ended up replacing both his air conditioner and furnace with another company, but he said he did so not because the units were broken, but because both units were old. *Id.* at 132. Wertenberger also complained about Vickers both in a customer survey and in a phone

conversation with Ness; these complaints were made after he had his air conditioner and furnace replaced.

On November 13, 2009, Vickers went to Sharon Leonard's home to inspect her heating unit. Vickers stole jewelry Leonard had hidden in her washing machine, and after a police investigation began, Vickers eventually admitted the theft to Ness. Vickers pled guilty to criminal charges arising from the theft. *Id.* at 8. Weaver fired Vickers immediately.

On August 2, 2010, Leonard filed a complaint for damages against Weaver and Vickers for the theft of her jewelry. In her complaint, Leonard alleged that Weaver was liable for the theft under both respondeat superior and negligent hiring, retention, and supervision theories of liability. Weaver moved for summary judgment, arguing that it was not responsible for Vickers' actions under either theory of liability. Leonard filed a motion in opposition to summary judgment, and as part of her designated evidence, she included the Code, which Weaver had pledged to and includes commitments to professional responsibility and commitments to customers. *Id.* at 141-42.

A hearing was held on the motion for summary judgment, and Weaver also moved to strike the Code from the designated evidence. The trial court granted both the motion to strike and Weaver's motion for summary judgment.

Leonard now appeals.

**Discussion and Decision**

Leonard makes two arguments on appeal: (1) the trial court abused its discretion by granting Weaver's motion to strike the Code from the designated evidence and (2) the

4

trial court erred by granting summary judgment for Weaver because there are genuine issues of material fact regarding Weaver's alleged negligent hiring, retention, and supervision of Vickers. Leonard does not challenge on appeal the trial court's finding that Weaver was not liable under a respondeat superior theory.

## I. Motion to Strike

Leonard contends that the trial court abused its discretion by granting Weaver's motion to strike the Code from the designated evidence. We disagree because the document was not properly authenticated and is therefore not admissible as designated evidence for summary judgment under Indiana Trial Rule 56(E).

A trial court has broad discretion in granting or denying a motion to strike. *Coleman v. Charles Court, LLC*, 797 N.E.2d 775, 786 (Ind. Ct. App. 2003), *reh'g denied.* The trial court's decision will not be reversed unless prejudicial error is clearly shown. *Id.* Indiana Trial Rule 56(E) states in relevant part, "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts *as would be admissible in evidence*, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." (emphasis added). In order to be admissible in evidence, documents must be authenticated. Indiana Evidence Rule 901(a) states, "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

When evidence establishes a reasonable probability that an item is what it is claimed to be, then the item is admissible. *Thomas v. State*, 734 N.E.2d 572, 573 (Ind.

2000). However, the evidence in this case does not sufficiently authenticate the Code. During the depositions that were designated as evidence, no witness testified about it, explained where it came from, or when it was created. Ness did explain that Weaver belonged to Nexstar, Appellant's App. p. 117-18, but he never discussed, nor was he asked about, a code of ethics that applied to organizations that were members of Nexstar. Additionally, there was no testimony that the Code was even in effect at the time that Vickers stole the jewelry.

Without any evidence authenticating the Code or verifying its applicability, it cannot properly be part of the designated evidence for summary judgment. The trial court therefore did not abuse its discretion by granting Weaver's motion to strike.

## II. Summary Judgment

Leonard also contends that the trial court erred in granting summary judgment in favor of Weaver because there are genuine issues of material fact regarding Weaver's alleged negligent hiring, retention, and supervision of Vickers. Finding no genuine issue of material fact, we find that summary judgment was properly granted.

When reviewing the entry or denial of summary judgment, our standard of review is the same as that of the trial court: summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C); *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1269 (Ind. 2009). All facts established by the designated evidence, and all reasonable inferences from them, are to be construed in favor of the nonmoving party. *Naugle v. Beech Grove City Sch.*, 864 N.E.2d 1058, 1062 (Ind. 2007).

"Indiana has long recognized a cause of action for negligent hiring and retention of an employee." *Levinson v. Citizens Nat'l Bank of Evansville*, 644 N.E.2d 1264, 1269 (Ind. Ct. App. 1994) (citing *Pittsburgh, Ft. Wayne, & Chi. Ry. Co. v. Ruby*, 38 Ind. 294 (1871)), *trans. denied*. Two different standards have emerged in Indiana cases holding employers liable for negligent hiring, retention, or supervision: (1) an employer knew the employee was in the habit of misconducting himself, *see, e.g.*, *Levinson*, 644 N.E.2d at 1269; *Briggs v. Finley*, 631 N.E.2d 959, 966-67 (Ind. Ct. App. 1994), *trans. denied*, and (2) an employer should have known or had reason to know of the misconduct of the employee, *see, e.g.*, *Grzan v. Charter Hosp. of Nw. Ind.*, 702 N.E.2d 786, 793 (Ind. Ct. App. 1998). However, regardless of the standard, Leonard has not provided any evidence that Vickers had a habit of misconduct, so Weaver could not have known, nor had any reason to know, that Vickers would steal Leonard's jewelry.

The only evidence that Leonard provided of Vickers' criminal misconduct was a bounced check in the amount of $4.70 from 1998 and a DUI in 2008. Appellant's App p. 36, 83. Leonard also argues that Wertenberger's complaint about Vickers is relevant to our inquiry. However, the events surrounding Wertenberger's complaint are unclear, as Vickers and Wertenberger gave conflicting accounts, and Ness was never able to inspect the units because they were replaced before Wertenberger made his complaint. These three events are not sufficient to create a habit of behavior on the part of Vickers such that Weaver could have known, nor had any reason to know of Vickers' misconduct; the events are too isolated in time and character to create a habit.

Finally, Leonard contends that Weaver was negligent in failing to perform a background check on Vickers before he was hired. We do not need to address this issue, because even if Weaver had conducted a background check, it would have only found the bounced check and the DUI, which it already was aware of. One bounced check in the amount of $4.70 from 1998 is hardly sufficient evidence to allege negligent hiring. We therefore find that the trial court did not err in granting summary judgment for Weaver.

Affirmed.

CRONE, J., and BRADFORD, J., concur.